█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN LUBLIN, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered July 21, 1977, convicting him of criminal possession of stolen property in the second degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. On December 2, 1976 defendant entered a plea of guilty to certain Federal crimes in the United States District Court for the Eastern District of New York, and was remanded to the Metropolitan Federal Correction Center pending sentence. Subsequent thereto, but prior to defendant's sentencing for the Federal crimes, a writ of

habeas corpus *ad prosequendum* was issued by a District Court in Nassau County directing the warden of the Metropolitan Federal Correction Center to produce defendant pursuant to CPL 580.30 (subd 2). On February 1, 1977 defendant appeared before the Nassau County District Court and was arraigned on a felony complaint. Immediately thereafter he was transported back to the Federal correction center. On February 7, 1977 defendant again appeared before the Nassau County District Court pursuant to the original writ, which had been indorsed with the adjourned date of February 7, 1977. A conference was held concerning the felony complaint and defendant was then taken back to the Federal center. On February 15, 1977 defendant appeared for a third time before the Nassau County District Court pursuant to the original writ, which had been indorsed with the new adjourned date of February 15, 1977. Defendant waived his right to a felony hearing and the court ordered that he be held for the action of the Grand Jury. Defendant was then returned to the Federal correction center. On February 22, 1977 defendant was transferred to a United States penitentiary, having been sentenced to 17 months' imprisonment for his Federal offenses. In March, 1977 the Nassau County District Attorney's office received defendant's request for disposition of the pending State charges and the United States Government's offer to deliver temporary custody of defendant. The request was made on forms which are used by a prisoner to initiate proceedings under the Interstate Agreement on Detainers for this purpose. In late April, 1977 defendant, in the custody of the Nassau County Sheriff, appeared in the Nassau County Court and entered a plea of not guilty to the indictment. On July 11, 1977 defendant changed his plea to guilty and was subsequently sentenced to an indeterminate term of imprisonment with a maximum of three years. Defendant contends that the original writ of habeas corpus *ad prosequendum,* issued in Nassau County, should be deemed the initiation of proceedings by the State pursuant to the agreement on detainers (see CPL 580.20). The agreement specifies, *inter alia,* speedy trial limitations. If the request for disposition of charges pursuant to the agreement is initiated by a defendant, he "shall" be brought to trial within 180 days after he "caused" his request to be delivered to the appropriate prosecutor and court (CPL 580.20, art III, subd [a]). If the State seeks a defendant's custody pursuant to the agreement, the trial shall be commenced within 120 days of the arrival of the prisoner in the State (CPL 580.20, art IV, subd [c]). In either instance, the court may grant a continuance for "good cause". If the writ be deemed the initiation of proceedings under the agreement, the 120-day limitation would apply and run from defendant's first arrival in Nassau County on February 1, 1977. The 120-day period would have expired prior to defendant's entry of his guilty plea on July 11, 1977, thereby entitling him to a dismissal of the indictment. A writ of habeas corpus *ad prosequendum* has been held to be a detainer within the meaning of the agreement so as to start the running of the time limitation. The Federal "legislative history of P.L. 91-538 (Act of December 9, 1970, 84 Stat. 1397), adopting the Detainer Agreement, makes it clear that Congress intended the word 'detainer' to mean any notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction" *(United States v Sorrell,* 562 F2d 227, 230). However, in the present case, there is no way to deem the writ the equivalent of a detainer under the agreement. At the time the writ was sought, the agreement, by its own terms, could not have been employed to obtain defendant's presence in Nassau County. Before the agreement can be used for such a purpose, the

prisoner must have "entered upon a term of imprisonment" in the other jurisdiction (CPL 580.20, art III, subd [a]). When the writ herein was first issued, defendant was in Federal detention facing Federal charges which were then pending. The earliest defendant could be deemed to have entered upon a term of imprisonment was when he was sentenced (see *Matter of Cresong v Nevil,* 51 AD2d 1096). Further, CPL 580.20 (art IV, subd [e]) is ineffective under the circumstances. That article provides that if a trial is not had on any indictment, information or complaint prior to the prisoner's being returned to the original place of imprisonment, such indictment, information or complaint shall be dismissed with prejudice. In the present case, this sanction does not apply as the chain of Federal custody was never broken (see *United States v Chico,* 558 F2d 1047; *People v Squitieri,* 91 Misc 2d 290). Hopkins, J. P., Martuscello, Latham and Shapiro, JJ., concur.