■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SORENSON and DONALD COMPITELLO, Appellants. — Defendants appeal from two judgments (Ind. No. 1518/75) (one as to each of them) of the Supreme Court, Kings County, both rendered March 17, 1978, convicting them of criminal sale of a controlled substance in the first degree, and conspiracy in the first degree, upon jury verdicts, and imposing sentences. Defendant Sorenson also appeals from two judgments (Ind. Nos. 414/75 and 423/75) of the same court, both rendered March 17, 1978, convicting him of two counts of criminal possession of a weapon, in the fourth degree, upon his pleas of guilty, and imposing sentences. Two judgments rendered March 17, 1978 under Indictment No. 1518/75, reversed, on the law, and new trial ordered. Two judgments rendered March 17, 1978 under Indictment Nos. 414/75 and 423/75, affirmed. The District Attorney, with commendable candor, has conceded that the conduct of the prosecutor, including his verbal attacks upon defense counsel and his flouting of the court's evidentiary rulings, deprived defendants of a fair trial under Indictment No. 1518/75. We have examined defendants' contentions as to why a retrial should be barred and find them to be without merit. The declaration of a mistrial during the original trial, due to the unavailability of a critical witness, was clearly based upon " 'manifest necessity' " and, accordingly, there was no double jeopardy bar to a retrial *(Hall v Potoker*, 49 NY2d 501, 505; *People v Michael*, 48 NY2d 1; see, also, *United States v Perez*, 9 Wheat [22 US] 579). We also conclude that there was no denial of defendants' constitutional or statutory rights to a speedy trial (see *People v Taranovich*, 37 NY2d 442; *People v Lomax*, 50 NY2d 351; CPL 30.20, 30.30, 210.45, subd 5; Civil Rights Law, § 12). Finally, we find defendant Sorenson's claim that CPL 580.20 (art 4, subd [e]) (Agreement on Detainers) requires a dismissal of the three outstanding indictments to be without merit. Sorenson, who was in Federal custody at the time, was produced for the first trial of this matter pursuant to a writ of habeas corpus *ad prosequendum* (CPL 580.30). Prior to the issuance of the writ, however, the People had attempted to secure his presence pursuant to the Agreement on Detainers (CPL 580.20, art 4). In such circumstances, where a previous detainer has been filed, the writ is treated as a detainer in all respects

*(United States v Mauro,* 436 US 340). Subdivision (e) of article 4 of the Agreement on Detainers provides that if a trial is not had on any indictment, information or complaint prior to the prisoner's being returned to his original place of imprisonment, such indictment, information or complaint shall be dismissed with prejudice. It is contended by Sorenson that by "returning" him to Federal custody following the declaration of a mistrial during the first trial, this sanction came into play, barring any further prosecution. His reliance on article 4 is misplaced, since the sanction does not apply where there has been no break in the Federal chain of custody *(People v Lublin,* 62 AD2d 1022; CPL 580.20, art 5, subd [a]; see, also, *People v Squitieri,* 91 Misc 2d 290). Damiani, J. P., Gibbons, Margett and Thompson, JJ., concur.