**William SORENSON, a Federal Prisoner at F. C. I., Otisville, New York, Petitioner,**

v.

**UNITED STATES of America, Warden J. Michael Quinlan, F. C. I. Otisville, New York, Hon. Eugene Gold, District Attorney, Kings County, New York, Respondents.**

No. 81 Civ. 1893.

United States District Court, S. D. New York.

April 2, 1982.

Frank A. Lopez, New York City, for petitioner.

John E. Martin, U. S. Atty., S.D.N.Y. by Barbara L. Schulman, Asst. U. S. Atty., New York City, for respondents.

## MEMORANDUM DECISION

GAGLIARDI, District Judge.

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner William Sorenson seeks an order enjoining federal officials from transferring him from federal to state custody on the ground that such transfer would violate his rights under the Interstate Agreement on Detainers, 18 U.S.C. App. (the "Detainer Agreement"). Much of the relevant factual background is set forth in the decisions denying Sorenson's three prior petitions for writs of habeas corpus to block transfers to state custody and will not be repeated here. See Lopez v. Levi, No. 76 Civ. 5352 (S.D. N.Y. February 28, 1978); Sorenson v. Bell, 441 F.Supp. 265 (S.D.N.Y.1977); Lopez v. Levi, 422 F.Supp. 846 (S.D.N.Y.1976). The instant petition arises out of a request by the Kings County District Attorney on February 8, 1981 for temporary custody of Sorenson in order to retry him for a second time on two indictments following reversal of the convictions on the indictments by the Appellate Division. See People v. Sorenson, 80 A.D.2d 878, 436 N.Y.S.2d 745 (2d Dep't 1981).

Petitioner's principal contention is that under the decision of the Supreme Court in Cuyler v. Adams, 449 U.S. 433, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981), he is entitled to a judicial hearing before being transferred to the temporary custody of the state pursuant to the Detainer Agreement. This contention is without merit. In Cuyler, the Court held that "prisoners transferred pursuant to the provisions of the [Detainer] Agreement are not required to forfeit any pre-existing rights they may have under state or federal law to challenge their transfer to the receiving State." 449 U.S. at 450, 101 S.Ct. at 712. The prisoner in Cuyler was incarcerated in a jurisdiction that had adopted the Uniform Criminal Extradition Act (the "Extradition Act"). Because the prisoner was entitled to a pretransfer judicial hearing under the Extradition Act, the Court concluded that his transfer without a hearing to another jurisdiction pursuant to Article IV of the Detainer Agreement was unlawful. Id. The Extradition Act, however, has not been adopted by the United States and therefore does not confer any rights on petitioner. Nevertheless, petitioner, who is represented by counsel, cites no other constitutional or statutory provisions that might entitle a federal prisoner to a judicial hearing prior to being transferred to state custody. In the absence of any such provision, Cuyler clearly does not require a judicial hearing prior to a transfer pursuant to the Detainer Agreement.

Petitioner's remaining contentions were previously raised and properly rejected during his prior state and federal proceedings. Accordingly, the petition is dismissed.

SO ORDERED.