**Frankie MANN, Petitioner-Appellant,**

v.

**WARDEN OF EGLIN AIR FORCE BASE, Federal Penal Institution, Respondent-Appellee.**

No. 84–3888.

United States Court of Appeals, Eleventh Circuit.

Sept. 24, 1985.

John H. Lipinski, Miami, Fla., for petitioner-appellant.

Samuel A. Alter, Jr., Asst. U.S. Atty., Pensacola, Fla., for respondent-appellee.

Before FAY and JOHNSON, Circuit Judges, and HOFFMAN *, District Judge.

PER CURIAM:

Appellant Frankie Mann is serving a two year sentence in a federal prison camp at Florida's Eglin Air Force Base. In August 1984, the state of Virginia filed a detainer against Mann for two outstanding indict-

---

* Honorable Walter E. Hoffman, U.S. District Judge for the Eastern District of Virginia, sitting by designation.

ments. Mann protested his transfer on that detainer to the warden of the prison camp. His request was denied without a hearing, with the following comment from the warden:

> You have also stated that you felt there are legal problems in relation to this detainer. I have investigated this matter and have made the determination that any further challenge to this detainer is a judicial matter.

Appellant filed a *habeas* petition in the Northern District of Florida on September 24, 1984, claiming that he was entitled to a pre-transfer hearing on the validity of his detainer. A federal magistrate recommended that the petition be denied, and the district court adopted that recommendation without opinion. Mann then filed this appeal.

■ Frankie Mann claims that he is entitled to a pre-transfer hearing under *Cuyler v. Adams,* 449 U.S. 433, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981), and the Sixth Amendment to the United States Constitution. We disagree.

In *Cuyler,* the Supreme Court held "as a matter of federal law that prisoners transferred pursuant to the provisions of the [Interstate Agreement on Detainers] are not required to forfeit any pre-existing rights they may have under state or federal law to challenge their transfer to the receiving state." *Id.* at 450, 101 S.Ct. at 712. Those rights "include the procedural protections of the Extradition Act (in those states that have adopted it), as well as any other procedural protections that the sending State guarantees persons being extradited from within its borders." *Id.* at 448, 101 S.Ct. at 711–12.

■ Frankie Mann claims that Florida is "the sending State" in his case since he is actually within its borders, and thus he argues that under *Cuyler* he should benefit from Florida Statute § 941.10, which provides for a "judicial determination" of the propriety of his transfer. This Court is not so literal-minded. Mann is, in fact, a prisoner of the United States—and under the Interstate Agreement on Detainers, 18 U.S. C.A. App. § 2, Article II(a) (1970), the United States may be a sending "state." Thus, Mann receives no procedural protection under Florida statutes or, indeed, under the Extradition Act since the United States has not adopted the latter. *See Wilson v. Fenton,* 684 F.2d 249, 252 (3rd Cir.1982); *Sorenson v. United States,* 539 F.Supp. 865, 866 (S.D.N.Y.1982).

■ Mann's claim that the Sixth Amendment to the United States Constitution offers him relief is similarly unavailing. It stretches that amendment too far to read its requirement that a defendant be tried in the proper forum, "which district shall have been previously ascertained by law," U.S. Const. amend. VI, to mandate full-fledged pre-transfer hearings for all inmates with detainers.

■ The only procedure by which Mann may challenge the facial validity of a detainer before his transfer appears to be by motion for review by the prison camp warden. The Detainer Agreement provides that:

> there shall be a period of thirty days after receipt by the appropriate authorities before the request be honored, within which period the Governor [by designation, the warden] of the sending State may disapprove the request for temporary custody or availability, either on his own motion or upon motion of the prisoner.

Detainer Agreement, *supra* at Art. IV(a) [annotation supplied]. Mann sought such review, and the warden of his camp would not disapprove the transfer. Although that official's written order was admittedly somewhat peremptory and confusing—and we would be more sanguine about less perfunctory findings on the prisoner's claims—we do not read the Detainer Act as *requiring* more.

Consequently, we AFFIRM the judgment of the court below.