**Ex parte John McGROATHY.**

**No. 01–87–00740–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 3, 1988.

Discretionary Review Refused Feb. 22, 1989.

Larry D. Dowell, Houston, for appellant.

John Holmes, Dist. Atty., Roe Morris, Asst. Dist. Atty., Harris County, Houston, for appellee.

Before JACK SMITH, DUGGAN and DUNN, JJ.

## OPINION

JACK SMITH, Justice.

This is an appeal from the trial court's denial of appellant's application for a writ of habeas corpus. Appellant was indicted for the felony offense of aggravated robbery in cause number 453453. At the time of the indictment, he was serving a 15–year sentence at a Federal Correctional Institution in New York. He was transferred to Harris County pursuant to the Interstate Agreement on Detainers.

■ In his first point of error, appellant contends that the trial court erred in failing to grant his application for a writ of habeas corpus because he was denied his right to a "pre-transfer hearing" under the Uniform Criminal Extradition Act. *See* Tex.Code Crim.P.Ann. art. 51.13 (Vernon 1979). He relies on *Cuyler v. Adams,* 449 U.S. 433, 450, 101 S.Ct. 703, 712, 66 L.Ed.2d 641 (1981), wherein the United States Supreme Court held "as a matter of federal law that prisoners transferred pursuant to the provisions of the Interstate Agreement on Detainers are not required to forfeit any pre-existing rights they may have under state or federal law to challenge their transfer to the receiving state." Those rights include "the procedural protections of the Extradition Act (in those states that have adopted it), as well as any other procedural protections that the sending State guarantees persons being extradited from within its borders." *Id.* at 448, 101 S.Ct. at 712.

The situation in the instant case is analogous to the facts presented in *Mann v. Warden of Eglin Air Force Base,* 771 F.2d 1453 (11th Cir.1985), *cert. denied,* 475 U.S. 1017, 106 S.Ct. 1200, 89 L.Ed.2d 314 (1986). Mann claimed that he was entitled to a pre-transfer hearing under *Cuyler v. Adams,* 449 U.S. 433, 101 S.Ct. 703, 66 L.Ed.2d 641, because the Florida statute, (Florida was the "sending state"), provided

for a "judicial determination" of the propriety of his transfer. The Eleventh Circuit held that because Mann was a federal prisoner, and the Interstate Agreement on Detainers provides that the United States may be a "sending state," he could not receive protection under the Florida statute or even under the Extradition Act because the United States has not adopted the latter. *Mann,* 771 F.2d at 1454. The court further held that the only procedure by which Mann could challenge the facial validity of the detainer before his transfer was the "motion for review by the prison camp warden."

In the instant case, because appellant was incarcerated in a federal prison, the United States was the "sending state," and appellant was not entitled to the procedural protection under the New York statutes or the Extradition Act. Appellant did challenge his detainer by administrative remedy, and it was reviewed by the warden, but the warden disallowed the challenge. As the Eleventh Circuit stated in *Mann,* "we do not read the Detainer Act as *requiring* more." *Id.* (emphasis in original).

Appellant's first point of error is overruled.

■ In his second point of error, appellant contends that the trial court erred in denying the writ because he was not brought to trial within 120 days of his arrival in Harris County.

The Interstate Agreement on Detainers, Tex.Code Crim.P.Ann. art. 51.14 (Vernon 1979) provides:

Article IV

    *    *    *    *    *    *

(c) In respect to any proceeding made possible by this article, the trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary and reasonable continuance.

The appellant arrived in Harris County on March 5, 1987. His hearing on his motion to dismiss for want of speedy trial was held on June 24, 1987. This hearing was held before the 120 days had elapsed.

The record reflects that the trial court had some question about appellant's competency to stand trial because appellant's counsel filed and then withdrew a motion for psychiatric examination. The trial judge ordered appellant's motion be reset "until such time I can determine that he's competent." The hearing on the writ of habeas corpus occurred on August 21, 1987.

A continuance for the purpose of determining the competency of the appellant to stand trial "is necessary and reasonable" in light of the evidence presented that appellant was currently taking the prescription drug lithium for depression. Federal prison records admitted at the writ hearing indicate that appellant could suffer from "bipolar disorder vs. explosive personality disorder." Moreover, appellant indicated to the trial court that when he was indicted in California, he also underwent a series of examinations to determine his sanity. For these reasons, we find no merit to the appellant's contention.

Appellant's second point of error is overruled.

The denial of appellant's application for a writ of habeas corpus is affirmed.