129 F.3d 127
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald R. TURNER, Petitioner-Appellant,
v.
UNITED STATES PAROLE COMMISSION, Respondent-Appellee.
 No. 97-35085.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 5, 1997**
Decided November 12, 1997.
 
 1
 Appeal from the United States District Court for the District of Oregon, No. CV-93-01504-DCA; Donald C. Ashmanskas, Magistrate Judge, Presiding.
 
 
 2
 Before NOONAN and HAWKINS, Circuit Judges, and MERHIGE,***
 
 
 3
 MEMORANDUM*
 
 
 4
 Donald Ray Turner ("Turner") appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas corpus challenging the United States Parole Commission's ("USPC") supervision of him due to a 1972 federal conviction. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.
 
 
 5
 In 1972, Turner was convicted of bank robbery and sentenced to sixteen years in federal prison. Since his release on parole in 1975, his parole has been revoked three times for various violations. During the most recent incident, Turner was arrested and held in federal custody in Washington on a parole violator's arrest warrant. Tennessee officials notified the federal authorities that Turner had been indicted on aggravated sexual battery and aggravated rape and requested that a detainer be lodged against him. Turner requested transfer to Tennessee to face these charges under Article III(a) of the Interstate Agreement on Detainers ("IAD"), 18 U.S.C.App. § 2. Subsequently, the USPC revoked Turner's parole and sentenced him to two years in federal prison.
 
 
 6
 Tennessee officials requested temporary custody of Turner under Article IV of the IAD from a federal prison in California where Turner was serving his sentence. Although Turner objected to the transfer, Tennessee officials brought him to Tennessee where he pled guilty to aggravated sexual battery and received an eight-year prison sentence. Tennessee authorities returned Turner to the custody of the Bureau of Prisons and lodged a detainer against him. Turner served the remainder of his two-year federal sentence at a federal prison in Oregon and was paroled in January 1994. He was immediately taken into custody by Oregon state authorities and transferred to Tennessee to serve his eight-year state sentence. Turner had over seven and one-half years remaining on his federal sentence when he began serving his Tennessee sentence.
 
 
 7
 We review de novo a petition for habeas relief based on an alleged violation of the IAD. Johnson v. Stagner, 781 F.2d 758, 761 (9th Cir.1986).
 
 
 8
 Before reaching Turner's claims on appeal, we note that, although he was released from federal custody in January 1994, his appeal is not moot. Parole constitutes "custody" for habeas corpus purposes. Jones v. Cunningham, 371 U.S. 236, 243 (1963); Gordon v. Duran, 895 F.2d 610, 612 (9th Cir.1990). Because we must interpret the federal habeas corpus statute with "initiative and flexibility," we do not read these cases to limit habeas relief to parolees under the active supervision of a parole board. See Brown v. Vasquez, 952 F.2d 1164, 1166 (9th Cir.1992). Although Turner is not under the active supervision of the USPC because he is currently confined in state prison, he must obey the terms of his federal parole and must report to federal authorities immediately upon his release from state custody. Therefore, Turner is in custody for the purposes of habeas relief, and we have jurisdiction over the USPC, his custodian. See Brown v. United States, 610 F.2d 672, 677 (9th Cir.1980).
 
 
 9
 The district court's dismissal of Turner's petition for habeas relief, which adopted the Magistrate's findings and recommendations, was based on its finding that Tennessee did not violate the time provisions of the IAD. We do not reach this issue because we cannot grant the relief Turner requests.
 
 
 10
 Turner petitions this court for an order terminating the USPC's authority over him and releasing him from federal parole based on Tennessee's alleged violation of the time provisions of the IXD. A violation of the time provisions of the IAD is a fundamental defect entitled to habeas relief. Tinghitella v. California, 718 F.2d 308, 310-11 (9th Cir.1983). Nevertheless, we reject Turner's petition.
 
 
 11
 First, the statutory remedy for a violation of the time provisions of IAD Article III and Article IV is dismissal with prejudice of the indictment of the prosecuting state. 18 U.S.C.App. § 2, art. V(c). Here, Turner seeks vacation of a prior conviction and sentence of the sending state. See 18 U.S.C.App. § 2, art. II(a) (defining "state" to include the United States). He cites, no case providing for the kind of relief he requests, and we have found none. But see United States v. Kurt, 945 F.2d 248, 254 (9th Cir.1991) (affirming the district court's dismissal of convictions resulting from indictments of the receiving state when that state violated the time provisions of Article IV); Brown v. Wolff, 706 F.2d 902, 905-06 (9th Cir.1983) (denying habeas relief because, although the indictment should be dismissed for a violation of the time provisions of Article III, the defendant waived his rights); Hopper v. United States Parole Comm'n, 702 F.2d 842, 846 (9th Cir.1983) ("Failure to bring a prisoner to trial on the untried charge within the statutorily prescribed time results in a dismissal of that charge."). Therefore, the proper remedy for Tennessee's alleged violation of the IAD time provisions is dismissal of the Tennessee indictment or subsequent conviction.[1]
 
 
 12
 Second, Tennessee's alleged violation of the IAD does not effect the validity of the USPC's supervision of Turner due to his federal conviction and sentence. Again, we have found no case law or provision of the IAD that authorizes a penalty against the sending state for the receiving state's IAD violation. But see 18 U.S.C.App. § 2, art. V(c) (stating that, upon a violation of the time provisions of Article III or Article IV, "the appropriate court of jurisdiction where the indictment ... has been pending shall enter an order dismissing the same with prejudice...."); United States v. Reed, 910 F.2d 621, 624 (9th Cir.1990) ("Failure [of the prosecuting jurisdiction to comply with the time provisions of Article III] ... requires that the indictment against the prisoner be dismissed.") The IAD allows Turner to pursue his statutory remedies against Tennessee on direct appeal of his Tennessee conviction or by collateral attack in the Sixth Circuit Court of Appeals. He has no remedy against the United States.
 
 
 13
 To the extent that Turner has alleged that the United States violated other provisions of the IAD, we find no error. The IAD's lack of provision for a pre-transfer hearing does not violate due process. See Mann v. Warden of Elgin Air Force Base, 771 F.2d 1453, 1454 (11th Cir.1985); Atkinson v. Hanberry, 589 F.2d 917, 919 (5th Cir.1979). Also, the IAD requires the appropriate official having the prisoner in custody to furnish a certificate of the conditions of the prisoner's confinement to the receiving state. 18 U.S.C.App. § 2, art. III(a) and IV(b). The delegation of this responsibility to the Inmate Systems Manager, instead of the Warden, at the federal prison in Oregon does not violate the IAD. Therefore, we find that the United States did not violate the IAD.
 
 
 14
 The dismissal of the petition for writ of habeas corpus is AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without argument pursuant to Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * Honorable Robert R. Merhige, Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Apparently, Turner has pursued this remedy, without success, in a petition for writ of habeas corpus and a civil rights action before the Sixth Circuit. Turner v. Gerbitz, No. 96-5675 (6th Cir. Feb. 3, 1997) (order denying certificate of appealability and leave for pauperis status in habeas petition); Turner v. Burson, No. 96-5866 (6th Cir. Jan. 6, 1997) (order dismissing habeas petition for lack of jurisdiction); Turner v. Cupp, No. 96-6141 (6th Cir. Dec. 23, 1993) (order denying motion to reconsider an order denying a motion for leave to proceed in forma pauperis and dismissing appeal for want of prosecution)