■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES O. ROBERTSON, Appellant.—Judgment unanimously modified on the law, and as modified affirmed, in accordance

with the following memorandum: The trial court erred in submitting to the jury a count of sexual abuse that was not contained in the indictment. The judgment of conviction on that count must be reversed even in the absence of an objection (see, People v Ahmed, 66 NY2d 307, rearg denied 67 NY2d 647; People v Miles, 289 NY 360).

There is no merit to defendant's argument that he was improperly convicted of criminal use of a firearm in the first degree (see, Penal Law § 265.09 [1]). There is ample proof that defendant was in constructive possession of a loaded, operable, deadly weapon at the time he committed rape in the first degree. It is necessary only to show possession, not use (see, Penal Law §§ 5.00, 10.00 [8]; Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law art 265, at 378-379).

Also without merit is defendant's contention that he was deprived of his right to a public trial (see, People v Jones, 47 NY2d 409, cert denied 444 US 946). The Trial Judge closed the courtroom during the suppression hearing without objection by defendant. Thus, any error in closing the hearing is not preserved for review (see, CPL 470.05).

We have examined defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Onondaga County Court, Mulroy, J.—rape, first degree.) Present—Denman, J. P., Pine, Balio, Lawton and Lowery, JJ.