■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONTE DAWKINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Zweibel, J.), rendered February 15, 1990, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was tried on counts of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree in connection with the shooting of the victim on a subway train. Following

its deliberations, the jury returned a verdict of guilty on the count of attempted murder in the second degree, and acquitted the defendant on the two remaining counts. However, while the jury was being polled on the count of attempted murder, the fourth juror stated that he or she did not agree with the verdict. The Trial Justice then sent the jury back for further deliberations on all three counts.

Following further deliberations, the jury submitted a note to the Trial Justice stating it was deadlocked. The Trial Justice then granted the defendant's motion for a mistrial, declining to give an *Allen* charge. Before the jury was recalled and informed of the mistrial ruling, the jury submitted another note stating it had reached a verdict. The Trial Justice then ruled that he would accept the verdict as rendered by the jury. The jury returned a verdict of guilty on the count of attempted murder in the second degree and acquitted the defendant on the two remaining counts.

The defendant contends on appeal that the trial court erred by setting aside its grant of a mistrial to accept the jury's verdict. We disagree. The decision to declare a mistrial rests in the broad discretion of the Trial Justice, who is best situated to take all the circumstances into account and determine whether a mistrial is in fact required in a particular case *(Matter of Plummer v Rothwax,* 63 NY2d 243, 250; *Hall v Potoker,* 49 NY2d 501, 505). Under the circumstances of this case, where the jury rendered a verdict before it had been apprised of the Trial Justice's ruling, we find that the Trial Justice properly set aside its mistrial ruling to accept the jury's verdict.

The defendant's remaining contentions are unpreserved for appellate review, and we decline to address them in the interest of justice *(People v Bynum,* 70 NY2d 858; *People v Quilles,* 48 AD2d 933). Rosenblatt, J. P., Eiber, O'Brien and Ritter, JJ., concur.