OPINION OF THE COURT
Levine, J.
Defendant was tried on counts of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree, arising out of the alleged shooting of the victim on a subway train in Kings County. After one day of deliberation, the jury returned a verdict finding defendant guilty of attempted murder and not guilty on the remaining counts. At defendant’s request, the court had the jury polled individually. The first three jurors affirmed their agreement with the verdict as announced. At that point, there was an outburst by the defendant protesting his innocence, whereupon juror number 4, after a brief hesitation, expressed her disagreement with the verdict. The trial court then directed the jury to retire to continue its deliberations.
Approximately three hours after the jury had resumed its deliberations, it sent a note to the court that "[t]he jury cannot reach a verdict. Please instruct”. Defense counsel opposed the prosecution’s request that the court give the jury an Allen charge (Allen v United States, 164 US 492) and moved for a mistrial on the ground that an Allen charge would put undue pressure on the single juror who had disagreed with the guilty verdict previously announced. The court agreed, making the following ruling on the minutes:
"While I have never accepted this kind of a note from the jury the first time and have in the past always given an Allen charge on the first note, I just find that the circumstances in this case do warrant the granting of a mistrial at the request of defense counsel. And, defense counsel in this case has requested that I declare this a hung jury and grant a mistrial and I’m going to do it, under the circumstances that we have in this case.”
After an off-the-record discussion, an agreement was reached on scheduling defendant’s retrial. Shortly thereafter, however — approximately 40 minutes after the jury’s previous *229 communication and without the jury ever being recalled, instructed to cease deliberations and discharged — the jury sent a note to the court that it had reached a verdict. The court determined to set aside the previous mistrial determination and accept the verdict over defendant’s objection "of the prejudice that it gives the jury”. The jury foreperson then again announced a verdict convicting defendant of the attempted murder count of the indictment and acquitting him on the remaining counts. Upon individual polling, all of the members of the jury agreed.
The Appellate Division affirmed, concluding that it was an appropriate exercise of the trial court’s discretion to set aside its previous mistrial ruling when the jury, without further instructions, communicated that it had reached a verdict (186 AD2d 751). A Judge of this Court granted defendant leave to appeal, and we now affirm.
Defendant’s principal argument on appeal is that, under CPL 280.10 and this Court’s decision in People v Catten (69 NY2d 547), the trial of defendant on the indictment had terminated when the trial court "perfect[ed]” (id., at 555) its grant of a motion for a mistrial by a declaration of a mistrial and an order for defendant’s new trial (see, CPL 280.10, first unnumbered para). The trial having thereby been terminated, defendant further argues, the trial court was divested of any further power to rescind its declaration of a mistrial.
We are unpersuaded by defendant’s argument that the trial was terminated when the trial court declared a mistrial and fixed a date for retrial. First, CPL 280.10, the provisions of which are the cornerstone of defendant’s argument that a mistrial was perfected thereby terminating defendant’s trial, is entirely inapposite to the undeniable procedural context in which the mistrial was declared in this case, i.e., one based upon jury deadlock. As previously quoted, the Trial Judge in declaring the mistrial stated "defense counsel in this case has requested that I declare this a hung jury and grant a mistrial and I’m going to do it” (emphasis supplied). The authority of the trial court to grant a mistrial pursuant to CPL 280.10 is expressly limited to the following circumstances: "[u]pan motion of the defendant, when there occurs during the trial an error or legal defect in the proceedings, or conduct inside or outside the courtroom, which is prejudicial to the defendant and deprives him of a fair trial” (CPL 280.10 [1]); "[u]pan motion of the people, when there occurs during the trial, *230 either inside or outside the courtroom, gross misconduct by the defendant or some person acting on his behalf, or by a juror, resulting in substantial and irreparable prejudice to the people’s case” (CPL 280.10 [2]); and "[u]pan motion of either party or upon the court’s own motion, when it is physically impossible to proceed with the trial in conformity with law” (CPL 280.10 [3]). None of the foregoing circumstances forms the basis for the trial court’s declaration of a mistrial here, the sole expressed reason for which was the jury’s deadlock.
For the termination of a trial based upon jury deadlock the Criminal Procedure Law clearly provides that the operative judicial action is the actual discharge of the jury after "[t]he jury has deliberated for an extensive period of time without agreeing upon a verdict * * * and the court is satisfied that any such agreement is unlikely within a reasonable time” (CPL 310.60 [1] [a]).
As a respected commentator on the Criminal Procedure Law has pointed out, discharge of the jury under CPL 310.60 is the exclusive method to terminate a criminal trial for jury deadlock. "This section [CPL 310.60] is designed to govern mistrials based primarily upon the inability of the jury to reach a verdict — i.e., deadlock. For sections dealing with mistrials under other circumstances, see CPL §§ 270.35, 280.10” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 310.60, at 764; emphasis supplied). This view is confirmed by the staff comments of the State of New York Temporary Commission on Revision of the Penal Law and Criminal Code in referring to the provision (section 145.10) that became CPL 280.10: "[t]his motion is primarily applicable to discharge of a jury prior to its retirement for deliberation; discharge during deliberation is largely controlled by [present CPL 310.60]” (Staff Comment, NY Temp Commn on Revision of Penal Law and Crim Code, reprinted in proposed NY Criminal Procedure Law § 145.10, at 216 [1967]).
It follows from the foregoing that any declaration of a mistrial for, in the Trial Judge’s own words, a "hung jury”, was inchoate and thus, subject to recision by the court until it took the next step that was statutorily required under CPL 310.60 to effectuate the termination of the trial because of jury deadlock, i.e., discharge of the jury after the court determined that the jury could not reach a verdict within a reasonable time (see, Matter of Lionel F., 76 NY2d 747, 749). Indeed, in Matter of Lionel F, we held that the unterminated, *231 still pending status of the entire juvenile delinquency proceeding permitted the Family Court to revoke its granting of dismissal, at the end of the petitioner’s case, of several counts of the delinquency petition and reinstate some of those counts, over a double jeopardy objection (see, id,.). Here, the statutory framework even more clearly shows that the trial had not terminated before the court revoked its mistrial decision.
Our holding in People v Catten (69 NY2d 547, supra) is not inconsistent with the foregoing conclusion. In Catten the mistrial was granted on the defendant’s motion because of misleading discrepancies in the testimony concerning the identification of the defendant by the undercover officer who allegedly purchased drugs from him (id., at 551). Clearly, this was a motion granted for “an error * * * in the proceedings * * * which [was] prejudicial to the defendant and deprive[d] him of a fair trial” (CPL 280.10 [1]). Our holding in Catten, that the grant of the mistrial motion was perfected under CPL 280.10 when the mistrial was declared and a new trial was ordered, does not apply to a mistrial necessitated by jury deadlock which, as we have concluded, is exclusively accomplished by discharge of the jury pursuant to CPL 310.60 (1) (a).
In any event, contrary to defendant’s contention, People v Catten (supra) does not stand for the proposition that perfection of the grant of a defendant’s mistrial motion under CPL 280.10 terminates a criminal trial, thereby divesting the trial court of any authority to rescind the grant of a mistrial. As we pointed out in Catten, before there was a final termination of the trial “the statutory scheme contemplates a two-step process: declaration of a mistrial, at which time the motion has been granted, followed by discharge of the jury” (id., at 555). In Catten, the defense request for withdrawal of its mistrial motion came after the mistrial had been perfected, but before the jury was discharged. Accordingly, we held in Catten that the trial court retained discretion to allow the defendant to withdraw his mistrial application (id.).
Finally, we reject defendant’s alternative contention that it was an abuse of discretion as a matter of law for the Trial Judge to have rescinded its declaration of a mistrial and accepted the jury verdict. The record reflects that the court’s primary concern, when it granted the mistrial upon receiving the jury’s note that it was unable to reach a verdict, was that any additional instruction urging the jury to make a further attempt to reach unanimity would put undue pressure on *232 juror number 4, the juror who had dissented from the jury’s prior announcement of a guilty verdict. When, very shortly thereafter, the jury indicated that it had reached a verdict without any such additional instruction, the court’s sensitive concern regarding any potential coercion of that juror was obviated. The court again polled the jury to insure that in fact the verdict was the free decision of each juror and, at sentencing, noted that it did not observe any reluctance on the part of juror number 4 or any other juror when each of them was individually polled. The trial court was in the best position to assess all the circumstances pertinent to whether a fair verdict could be rendered by the jury, including observing the demeanors of the individual jurors (see, Matter of Plummer v Rothwax, 63 NY2d 243, 250). We find no basis to upset the trial court’s exercise of discretion here.
Accordingly, the order of the Appellate Division should be affirmed.