■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRUMAN ROBINSON, Appellant. [635 NYS2d 858] —Judgment unanimously affirmed. Memorandum: The contention of defen-

dant that he was deprived of his right to a public trial is without merit *(see, People v Jones,* 47 NY2d 409, *cert denied* 444 US 946). Defendant failed to object when the trial court closed the courtroom during the *Wade* hearing, and thus his contention is not preserved for our review *(see,* CPL 470.05 [2]; *People v Robertson,* 162 AD2d 953, 954, *lv denied* 76 NY2d 863). There is no merit to the contention that defendant was deprived of a fair trial by prosecutorial misconduct. There was no pattern of egregious or frequent misconduct to warrant the "ill-suited remedy" of reversal for prosecutorial misconduct *(People v Galloway,* 54 NY2d 396, 401). Because defendant's identity was not at issue, the requirements of CPL 710.30 were inapplicable *(see, People v Newball,* 76 NY2d 587, 591; *People v Gissendanner,* 48 NY2d 543, 552). The contention of defendant that the trial court forced one juror to "give up his reasonable doubt" is not preserved for our review *(see,* CPL 470.05 [2]), and in any event is without merit. The record does not show that the juror in question expressed disagreement with the verdict or failed to adopt it as his own *(cf., People v Dawkins,* 82 NY2d 226, 231-232). Upon our review of the record, we conclude that the sentence is neither unduly harsh nor severe.

We have reviewed the contentions raised in defendant's *pro se* supplemental brief and conclude that they are without merit. (Appeal from Judgment of Onondaga County Court, Burke, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pine, J. P., Fallon, Callahan, Davis and Boehm, JJ.