■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SANTANA, Also Known as JAVIER RIVERA, Appellant. [687 NYS2d 376] —Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered November 7, 1994, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 11 years to life, unanimously affirmed.

The declaration of a mistrial after the first trial was an appropriate exercise of discretion (*see, People v Dawkins*, 82 NY2d 226, 232), since the trial was not long or complex, the jury's deliberations had been lengthy, the second deadlock note from the jury was detailed and unwavering, and there would have been a substantial potential for coercion if the court had required this jury to engage in further deliberations (*see, Matter of Plummer v Rothwax*, 63 NY2d 243, 251).

Defendant's objection to an isolated reference in the People's summation to defendant's post-arrest detention is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the remark was a proper response to an issue raised by the defense, and did not serve to depict defendant as a criminal. Concur—Ellerin, P. J., Sullivan, Wallach and Rubin, JJ.

■ JOAN KELLER et al., Respondents, v CITY OF NEW YORK et al., Appellants. [687 NYS2d 374] —Judgment, Supreme Court, Bronx County (Jerry Crispino, J.), entered March 17, 1998, after a jury trial, awarding plaintiffs damages, unanimously affirmed, without costs.

In light of the evidence showing the absence of defendant's custodial aide, whose duty was to clean up any food or drink that fell to the floor, and which indicated that salad had been on the floor of defendants' lunchroom for 20 minutes before plaintiff slipped on it, falling and injuring herself, there was a rational basis for the jury to infer (*see, Cohen v Hallmark Cards*, 45 NY2d 493, 499) that the complained of hazard had existed for a sufficient length of time to permit defendants' personnel to discover it and take remedial measures (*see, Negri v Stop & Shop,* 65 NY2d 625; *Kelsey v Port Auth.*, 52 AD2d 801). Concur—Ellerin, P. J., Sullivan, Wallach and Rubin, JJ.