■ In the Matter of CATHERINE A. GORMAN, Respondent, v KATHLEEN M. RICE, Appellant, et al., Respondent. [965 NYS2d 601]—

In a proceeding, inter alia, pursuant to CPLR article 78 in the nature of prohibition to bar the retrial of the petitioner in an action entitled *People v Gorman*, pending in the District Court, Nassau County, under docket No. 2006NA016493, on the ground that the retrial would violate the prohibition against double jeopardy, Kathleen M. Rice appeals (1) from a judgment of the Supreme Court, Nassau County (Winslow, J.), dated August 16, 2010, which, in effect, granted the petition to the extent of dismissing the action pending against the petitioner under docket No. 2006NA016493, and barring prosecution of the petitioner on the charges enumerated in the indictment in that action, and (2), as limited by her brief, from so much of an order of the same court dated February 23, 2012, as, upon reargument, adhered to the original determination.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, the proceeding is dismissed on the merits, and the order is vacated; and it is further,

Ordered that the appeal from the order, made upon reargument, is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the judgment.

The petitioner was charged with driving while intoxicated, unsafe lane change, and two counts of endangering the welfare of a child in the District Court, Nassau County, under docket No. 2006NA016493. During the course of the trial, the District Court, sua sponte, declared a mistrial but, prior to the jury's discharge, rescinded the declaration and declared a mistrial on

the consent of the petitioner. Thereafter, the petitioner commenced this proceeding in the Supreme Court pursuant to CPLR article 78 to prohibit a retrial of the case on the ground of double jeopardy.

When a mistrial is declared in a criminal case without the consent, or over the objection, of the defendant, the prohibition against double jeopardy contained in the Fifth Amendment to the United States Constitution and in section 6 of article I of the New York Constitution precludes a retrial for the same offense unless " 'there is a manifest necessity for [the mistrial], or the ends of public justice would otherwise be defeated' " (*Matter of Enright v Siedlecki*, 59 NY2d 195, 199 [1983], quoting *United States v Perez*, 22 US 579, 580 [1824]; *People v Michael*, 48 NY2d 1, 9 [1979]). Conversely, when a defendant requests or consents to a mistrial, double jeopardy typically does not bar a retrial (*see Matter of Davis v Brown*, 87 NY2d 626, 630 [1996]).

The mere declaration of a mistrial does not terminate a criminal trial and thereby divest the trial court of the authority to rescind the declaration (*see People v Dawkins*, 82 NY2d 226 [1993]; *People v Catten*, 69 NY2d 547 [1987]; *see also People v Rodriquez*, 39 NY2d 976 [1976]). Accordingly, the Supreme Court erred in determining that the District Court did not retain the discretion to rescind its previous declaration of a mistrial prior to the discharge of the jury. Moreover, the District Court's initial declaration of a mistrial, made without the petitioner's consent, was rescinded and, thereafter, a mistrial was declared upon the petitioner's consent. Accordingly, the Supreme Court erred in granting the petition to the extent that it did, and in barring a retrial of the petitioner on the ground of double jeopardy. Mastro, J.P., Angiolillo, Chambers and Cohen, JJ., concur. **[Prior Case History: 29 Misc 3d 610.]**