=================================================================
This memorandum is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------
No. 190
In the Matter of Catherine A.
Gorman,
            Appellant,
        v.
Kathleen M. Rice, &c.,
            Respondent,
et al.,
            Respondent.


        Harry H. Kutner, Jr., for appellant.
        Barbara Kornblau, for respondent Rice.


MEMORANDUM:

        The order of the Appellate Division should be affirmed,

without costs.

        During the late afternoon of July 8, 2006, defendant

Catherine A. Gorman was driving a car on the Meadowbrook Parkway

- 1 -

with two 10-year old girls as her passengers.  As defendant attempted to exit the parkway, her car veered out of control and flew in front of another vehicle (one of two or three vehicles driven by members of a family on an outing to a local fair) as she shot over the exit ramp and plowed through a wooded area, ultimately coming to rest on a fence that separated the wooded area from a parking lot.  The motorists in the caravan stopped to help; one of these witnesses detected the odor of alcohol emanating from the front seat of defendant's car; another noticed that defendant smelled of alcohol and that her eyes were watery and bloodshot.  Defendant said that she was all right and asked that the police not be notified.  When defendant learned that someone in the family party had already called the police, she began walking away from the accident scene, along the side of the parkway, with the two young girls in tow.

The police intercepted defendant and the two children at an exit ramp perhaps one-quarter of a mile distant from the accident scene.  Based on defendant's appearance, slurred speech, answers to questions, the odor of alcohol and her performance on standard field sobriety tests, the police concluded that she was intoxicated.  Defendant was arrested and brought to the police station, where a breathalyzer test showed a blood alcohol content (BAC) of 0.25 percent.  Defendant was charged with violating Vehicle and Traffic Law §§ 1192 (2) (per se driving while intoxicated [BAC of 0.08 percent or more]), (3) (driving while

intoxicated); 1128 (a) (moving from lane unsafely); and Penal Law
§ 260.10 (endangering the welfare of a child) (two counts).

During defendant's second jury trial in District Court
in October 2009 (the first ended in a mistrial), defense counsel
announced, outside the presence of the jury, that he intended to
file a complaint against the judge for alleged pro-prosecution
rulings.  The judge stated, "I'm declaring a mistrial based on
the threats of counsel to file a complaint against me.  I'll be
back in five minutes."  When the judge returned, he noted that
"[b]efore we broke, I declared a mistrial.  I reviewed the
record, and it is clear that [defense] counsel said that my
conduct verged on needing a complaint being filed.  That being
said, I am unable to preside over this trial."  The judge then
remarked to defense counsel "I'm assuming . . . that you agree
that . . . I should not be able to preside over this trial," to
which defense counsel responded "yes, sir."  The court continued
that "on consent, I'm going to declare a mistrial."  Defense
counsel then objected that he was "not consenting to a mistrial."

Further discussion ensued among the court and the
parties, and the prosecutor suggested that the trial be adjourned
to the following week to give everyone "a chance to cool down" so
that "[m]aybe [they could] continue the trial."  The judge
responded "Well, I think . . . [it] is really up to the defendant
and [defense counsel]."  The colloquy continued as follows:

> "THE COURT:  I just want it to be clear on the record.
> When I came back, I asked defense counsel that based on

his comments if it was his opinion that I would not be able to preside over this trial, and your response was yes.  Is that your opinion?

"[DEFENSE COUNSEL]:  (No audible response).

"THE COURT:  I'm not trying to put you on the spot.

"[DEFENSE COUNSEL]:  I have to be.

"THE COURT:  You were the one who told me that you wanted -- you were going to file a complaint against me, and you're unhappy with the way I am presiding over the trial.

"If you believe that my conduct has been so bad it warrants a complaint to the judiciary committee, then so be it, then you can do it, and I'll recuse myself.

"But I also don't want to be in a position where I'm going to preside over this trial, and then when it's over, you go to the judiciary committee anyway.

"[DEFENSE COUNSEL]:  I have never done that in 36 years, 35 and a half years.

"THE COURT:  So I think what I'm going to do is I'm going to take five minutes, and you can discuss with your client what you want to do.  If you and your client decide you want me to preside over this trial, then I'll reconsider it.

"[DEFENSE COUNSEL]:  Okay, Judge.  Thank you.  Thank you for the opportunity."

After this recess, defense counsel stated that upon speaking with his client and her family and "weighing all the options," they had decided "regrettably . . . to go with the mistrial."  The judge then declared a mistrial "at the request of [defendant]," discharged the jury and recused himself.  A month later, defendant moved to dismiss the accusatory instrument, principally on double jeopardy grounds.  On April 19, 2010, the District Court Judge assigned the motion rejected defendant's

double jeopardy claim, prompting her to bring this CPLR article 78 proceeding to prohibit a retrial.

On August 16, 2010, Supreme Court granted defendant's CPLR article 78 petition and barred "any prosecution of [defendant] on the [specified] charges . . . as constituting a violation of the double jeopardy protection" (29 Misc 3d 610, 618 [Nassau County 2010]).  The People timely moved for reargument. After several adjournments upon the request of the parties and oral argument, Supreme Court, by decision dated February 23, 2012, granted reargument and adhered to its original decision. The People appealed, and on May 22, 2013, the Appellate Division unanimously reversed, denied the petition and dismissed the proceeding (106 AD3d 1000 [2d Dept 2013]).

The court held that "Supreme Court erred in determining that the District Court did not retain the discretion to rescind its previous declaration of a mistrial prior to the discharge of the jury" (id. at 1001).  And in this case, "the District Court's initial declaration of a mistrial, made without . . . [defendant's] consent, was rescinded and, thereafter, a mistrial was declared upon . . . [defendant's] consent" (id.).  After the same panel denied defendant's motion for reargument and leave to appeal to us, she appealed as of right pursuant to CPLR 5601 (b) (1) (substantial constitutional question directly involved), or, alternatively, sought leave to appeal.  On October 22, 2013, we denied the motion for leave to appeal as unnecessary, and granted

defendant a stay (22 NY3d 948 [2013]).  We now affirm for substantially the reasons stated by the Appellate Division.

Until the jury is discharged, a court may rescind its previous declaration of mistrial (see People v Dawkins, 82 NY2d 226 [1993]).  Defendant argues that in this case the trial judge never formally rescinded his initial mistrial ruling, and so whether or not she indicated her consent after that ruling is irrelevant.  Certainly, the judge never expressly said "I rescind my order declaring a mistrial."  But we have never required any particular language to be used to retract a prior order.  Here, the record makes clear that the trial judge was leaving the mistrial decision up to defendant.  Because she decided to "go with a mistrial," and thus consented to it, her double jeopardy claim fails.  Indeed, if defendant were correct that the judge never rescinded his initial mistrial order, there would have been no need for him to afford defense counsel and defendant time to consult about how they wanted to proceed.  Concomitantly, immediately prior to the recess to allow for this consultation, the judge explicitly declared that it was "up to the defendant and [defense counsel]" to decide whether or not they wanted to continue with the trial.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, without costs, in a memorandum.  Chief Judge Lippman and Judges Graffeo, Read, Smith, Pigott, Rivera and Abdus-Salaam concur.

Decided November 18, 2014