*992 OPINION OF THE COURT
Memorandum.
The order and judgment of the Appellate Division in these two actions should be affirmed.
Defendant presses several issues. We reject his contention that it was error at his first trial for the trial court sua sponte to have declared a mistrial and that in consequence defendant was unconstitutionally exposed to double jeopardy on his second trial. On the first trial, after the jury had been charged and sequestered and the alternate jurors apparently dismissed, juror No. 9, without notifying anyone, walked away from the other jurors, disappeared overnight, and appeared the following morning after the Trial Judge, when informed of his absence, made arrangements for his return. The court in the presence of both counsel interviewed the juror, who explained that the deliberations had given him an upset stomach and that he did not think the jurors, uneducated in the law, could resolve the issues without an adviser knowledgeable in the law, adding “I just feel I cannot be fair to the person being judged.” After discussion with both counsel as to what remedy would be appropriate, during which discussion each declined to make a motion for a mistrial, and then a recess, the trial court without further consultation with counsel, but following another inquiry of the juror, declared a mistrial. We find no error of law in the implicit determination of the Appellate Division that the trial court was warranted, in the unusual circumstances which it confronted, in declaring a mistrial on the ground of manifest necessity (People v Michael, 48 NY2d 1, 9) and in accordance with CPL 280.10 (subd 3). Nor did the failure of the trial court to consult further with counsel prior to the declaration of mistrial vitiate the propriety of such declaration; the trial court was justified in concluding that there was no acceptable alternative to a mistrial. Accordingly, there is no merit to defendant’s double jeopardy claim.
The dual findings of the suppression court that the pretrial identification procedure involving use of a photo array was not impermissibly suggestive and that in any event there was an independent source for the in-court identification of defendant by Carmen Da Vila, were not *993 disturbed at the Appellate Division. There being evidence in the record for their support, we conclude that the trial court did not err as a matter of law in permitting the witness to identify defendant on trial. (People v Dickerson, 50 NY2d 937.)
Nor was it error in the prosecution of this crime of violence, when the correctness of the date on a check received by defendant from the victim was placed in issue, for the trial court to conclude that it was inappropriate to grant defendant’s request to charge the jury by reference to the presumption applicable to commercial paper generally that the date on a check is presumed to be correct (Uniform Commercial Code, § 3-114, subd [3]; CPL 60.10).
We have examined defendant’s other contentions and conclude that none warrants reversal of his conviction.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Simons concur; Judge Meyer taking no part.
People v Tinsley: Order affirmed in a memorandum.
Matter of Tinsley v Warner: Judgment affirmed, without costs, in a memorandum.