OPINION OF THE COURT
Meyer, J.
Manifest necessity for the declaration of a mistrial in a criminal case exists when after opening statements referring to a confession have been made, the prosecutor discovers a Miranda warnings statement indicating that defendant had requested counsel and the confession is, after a hearing, suppressed. Manifest necessity likewise exists when an essential defense witness becomes unavailable; the Trial Judge is not limited by defendant’s attorney’s request for a continuance rather than a mistrial and in passing upon the continuance request may take into account an appeal to sympathy by defense counsel during voir dire even though the Trial Judge denied the prosecution’s motion for mistrial made during voir dire. In each case, therefore, the judgment of the Appellate Division should be reversed and defendant’s article 78 petition seeking to prohibit retrial should be dismissed.
I
Petitioner Enright was indicted for robbery in the second degree. Following a lengthy Huntley hearing the suppression court denied his motion to suppress a confession given to the police. At the ensuing trial the confession was referred to in the opening statements of both the prosecutor and defense counsel. The next day, however, the trial prosecutor discovered a Miranda rights warning statement indicating that Enright had requested counsel before his statement was taken. The hearing was then reopened and, at its conclusion the statement was suppressed.
During discussion concerning the necessity for a mistrial, petitioner’s counsel agreed with the prosecutor that reference to the confession during opening statements constituted a major problem and expressed doubt that the jury *198 could be “sanitized” with respect to defendant’s inculpatory statement, but refused to consent to a mistrial. The prosecutor, stating that he felt “penalized in the sense that I now have to fly a flag with different colors and I don’t know that anything the court says can dispel the doubt”, moved for a mistrial. The Trial Judge, noting that he had admonished the jury to listen carefully to the opening statements and concluding, that “there is no way we can proceed to a trial with this panel at this time and be sure that this defendant has a fair trial” granted the mistrial, stating that he was doing so on the prosecutor’s motion and on the court’s own motion.
Petitioner then commenced the present proceeding to prohibit the scheduled retrial.[1] The Appellate Division held any prejudice to the People arising from the unavailability of the confession to be of their own making and no basis for mistrial, and that, no inquiry having been made by the Trial Judge into the jury’s ability to render a fair verdict or curative instruction given, the Trial Judge had abused his discretion in granting a mistrial without defendant’s consent. The appeal is before us by our leave (57 NY2d 608).
Petitioner Huntzinger was indicted for sodomy in the second degree based on an alleged 1981 incident with a minor girl. Petitioner, then 72 years old, appeared at trial in a wheelchair, accompanied by a female attendant. In the course of voir dire, defense counsel asked a prospective juror whether he would consider defendant’s age and physical limitations, including the fact that he had undergone three major operations, as well as his status as a widower after 44 years of marriage. The prosecutor’s objection was sustained but the court denied his request for a mistrial and stated that curative instructions would obviate any undue prejudice.
After the jury was sworn, however, the court declared a mistrial, over defendant’s objection, for three reasons. First, the Trial Judge ruled that the People were prejudiced by petitioner’s sympathetic appearance in a wheelchair when, in fact, the necessity for its use was not *199 properly proven to the court’s satisfaction. Second, the Trial Judge reversed himself on the jury’s ability to disregard the improper remarks made during voir dire; he found that “despite my instructions to [this] jury, it’s impossible to unring a bell.” Finally, the Trial Judge based his decision, in part, on the unavailability of Chief Jackson of the Waverly Police. Defense counsel characterized Jackson as “absolutely crucial” to the defense case because he had signed the felony complaint which asserted that the crime occurred in July or August of 1982, but the indictment alleged that the crime occurred in July or August of 1980. Chief Jackson was unavailable for trial, however, because he was recuperating from extensive surgery. Although defense counsel requested a continuance, the court rejected that alternative after counsel was unable to even estimate the length of the witness’ unavailability.
A second trial having been scheduled, petitioner commenced this article 78 proceeding seeking to prohibit retrial. The same panel that decided the Enright proceeding held that the Trial Judge abused his discretion in granting a mistrial. It noted without comment that the granting of a mistrial was based in part on the unavailability of Jackson and ruled that the misconduct of defense counsel, if it be deemed misconduct, was not so egregious as to have irrevocably tainted the impartiality and objectivity of the jury after receipt of appropriate curative instructions. Huntzinger’s appeal is also before us by our leave (57 NY2d 608).
II
The rules governing the effect of declaring a mistrial in a criminal case without the consent or over the objection of the defendant are well settled. When such a mistrial is declared the prohibition against double jeopardy contained in the Fifth Amendment to the United States Constitution and in section 6 of article I of the New York Constitution precludes retrial for the same offense unless “there is a manifest necessity for [the mistrial], or the ends of public justice would otherwise be defeated” (United States v Perez, 9 Wheat [22 US] 579, 580; People v Michael, 48 NY2d 1, 9). This principle is at the root of CPL 280.10, which requires the declaration of a mistrial upon motion of the People when there has been “gross misconduct by the defendant or *200 some person acting on his behalf” (subd 2) or on motion of either party or on the court’s own motion “when it is physically impossible to proceed with the trial in conformity with law” (subd 3). Under either the constitutional or statutory provisions “ ‘a defendant’s valued right to have his trial completed by a particular tribunal must in some circumstances be subordinated to the public’s interest in fair trials designed to end in just judgments’” (United States v Jorn, 400 US 470, 480, quoting from Wade v Hunter, 336 US 684, 689; accord Hall v Potoker, 49 NY2d 501, 505), but the Trial Judge must exercise sound discretion to assure that, taking all relevant circumstances into account, there was manifest necessity for the declaration of a mistrial without defendant’s consent (United States v Jorn, supra, at p 487).
A corollary of the discretion granted Trial Judges is the principle that a reviewing court will be hesitant to interfere with the discretion exercised out of deference to the fact that the Trial Judge “is in the best position to determine whether a mistrial is in fact necessary in a particular case” (People v Michael, 48 NY2d 1, 9, supra; Matter of Napoli v Supreme Ct. of State of N. Y., 40 AD2d 159, affd on opn below 33 NY2d 980, cert den 417 US 947). The Trial Judge’s discretion is not without limits, however. The reasons underlying the grant of a mistrial may not be illusory; rather, in order fully to protect the defendant’s right to trial by a particular tribunal they must be necessitous, actual and substantial (Matter of Nolan v Court of Gen. Sessions of County of N. Y., 11 NY2d 114, 119). Thus, if the Judge acts so abruptly as not to permit consideration of the alternatives (United States v Jorn, 400 US 470, 487, supra) or otherwise acts irrationally or irresponsibly (Arizona v Washington, 434 US 497, 514) or solely for convenience of the court and jury (People v Michael, 48 NY2d 1, 9, supra) or other similar abuse of discretion (People v Ortiz, 54 NY2d 288, 292), retrial will be barred.
The Trial Judge’s grant of a mistrial will be subjected to strict scrutiny when the basis for doing so is the unavailability of critical prosecution evidence, for the People are not entitled to a mistrial merely to gain “ ‘ “a more favorable opportunity to convict” ’ ” (Hall v Potoker, 49 NY2d *201 501, 506, supra). On the other hand, “the trial judge’s evaluation of the likelihood that the impartiality of one or more jurors may have been affected by * * * improper comment” will be accorded “the highest degree of respect” (Arizona v Washington, 434 US 497, 511, supra). As we noted in People v Michael (48 NY2d, at p 10). “The decision whether a mistrial is necessary because of juror bias [is] often based on subtle indications of discontent, not always apparent on the cold face of the record presented to an appellate court. Hence * * * a Trial Judge is entrusted with considerable discretion in making such determinations, for it is the Trial Judge, better than any other, who can detect the ambience of partiality.”
IH
Though well settled, the rules relating to manifest necessity are not always easy of application. Viewing each matter in the context of all of the circumstances confronting the Trial Judge, we conclude that in neither case was there an abuse of discretion.
In finding an abuse of discretion in Matter of Enright, the Appellate Division placed undue emphasis on the prosecution’s error which resulted in defendant’s confession being put before the jury and on the Trial Judge’s failure to question the jurors concerning their ability to act impartially. Defendant does not suggest that the oversight which resulted in the confession reaching the jury was other than inadvertent. True, the absence of guile is not necessarily determinative. But the question for decision is not whether it would have been an abuse of discretion to continue the trial, but whether it was an abuse of discretion not to allow it to continue. The jury’s awareness that defendant had confessed prejudiced both sides; the People, because the promised confession had been suppressed; the defendant, because jurors unsophisticated in right to counsel law may not, despite the best of intentions, be able to disregard a confession which they are told cannot be considered, not because it v/as untrue or was coerced, but because defendant did not have legal advice before making it.[2] In determining whether a trial should be permitted to continue, a *202 Trial Judge need not necessarily explore every ramification by juror questioning before declaring a mistrial (cf. People v Tinsley, 58 NY2d 990). Enright’s attorney, asked for his feeling as to a mistrial, responded “I don’t see how the jury could be sanitized” and, the prosecutor having stated that the inability to mention during trial the statement the jurors had been told about on voir dire “is a big problem right now,” expressed his agreement. He nevertheless declined, as was his right, to consent to the prosecutor’s motion for a mistrial. The Trial Judge’s ruling on the motion, made as its language shows to protect the defendant’s right to a fair trial and then joined in by the court of its own motion because “I don’t see how he could get a fair trial with all this,” was not predicated on prejudice to the People. Moreover, defendant’s attorney’s concession that the jury could not be “sanitized” and the difficulty inherent in jurors disregarding a confession of which they have been told, made unnecessary the questioning of the jurors by the Trial Judge to determine their “ambience of partiality,” if indeed questioning would be helpful to that end. Nor in view of the public interest “ ‘in fair trials designed to end in just judgments’ ” (Hall v Potoker, supra, at p 505; United States v Jorn, 400 US 470, 480, supra), inherent in the due process provisions of the Federal and State Constitutions, did the fact that the provisions of CPL 280.10 did not exactly fit the situation limit the Trial Judge’s authority to declare a mistrial on the basis of prejudice to the defendant. The Trial Judge was justified in concluding that there was no acceptable alternative to a mistrial (People v Tinsley, supra; Hall v Potoker, supra).
Similarly, the Appellate Division erred in granting the Huntzinger petition because when all relevant circumstances are considered the Trial Judge’s decision cannot be characterized as either irrational or an abuse of discretion. The Appellate Division based its decision solely on the ground that the Judge’s curative instructions adequately safeguarded the jury’s impartiality vis-a-vis petitioner’s appearance in a wheelchair and his attorney’s statements on voir dire. It noted in a footnote but gave no effect to the *203 fact that the unavailability of Chief Jackson, characterized by defendant’s attorney as an “absolutely crucial” defense witness without whom he could not proceed, was also a predicate for the granting of the mistrial. Defendant’s attorney, it is true, only requested a continuance in order to produce Jackson, but when asked how long Jackson would be incapacitated could only respond “I have no idea. I don’t know anything about his medical condition.” The Trial Judge was not obligated to grant defendant an indefinite continuance for the production of Jackson. The unavailability of a crucial witness constitutes manifest necessity for a mistrial (Hall v Potoker, supra; People v Kelly, 9 NY2d 697; People v Sorenson, 80 AD2d 878). Considering defendant’s questionable appearance before the jury in a wheelchair and his counsel’s improper remarks during voir dire together with defendant’s attorney’s insistence that Jackson was a crucial witness and his inability to indicate when Jackson would be available, we conclude that there was no abuse of discretion in the declaration of a mistrial, even though there may have been had the mistrial been declared on the basis of the first two factors alone.
For the foregoing reasons, in each case the judgment of the Appellate Division should be reversed, without costs, and the petition dismissed.[3]

. Prohibition is, of course, available to bar a retrial which would violate double jeopardy (Hall v Potoker, 49 NY2d 501, 505, n 1).

. Thus, in People v Jones (47 NY2d 528, 534) we said of a confession that “nothing could be more conclusive evidence of the defendant’s guilt” and in Matter of Westchester *202 Rockland Newspapers v Leggett (48 NY2d 430, 440) spoke of "a possibly inadmissible confession or other legal bombshell.”

. With respect to the dissent it is only necessary to note that Huntzinger’s attorney having characterized the missing witness as “absolutely crucial,” the Trial Judge second-guessed him only to the extent of declaring a mistrial rather than granting a continuance, which was within his discretion, and that Enright’s attorney’s agreement that the jury could not be “sanitized” was enough to authorize declaration of a mistrial without his consent, for as the Supreme Court said in Gori v United States (367 US 364, 368): “Where, for reasons deemed compelling by the trial judge, who is best situated intelligently to make such a decision, the ends of substantial justice cannot be attained without discontinuing the trial, a mistrial may be declared without the defendant’s consent and even over his objection, and he may be retried consistently with the Fifth Amendment.”