In the Matter of KATHY DICKSON, Petitioner, v ROBERT M. MORGENTHAU, as District Attorney of New York County, et al., Respondents.

First Department, June 12, 1984

APPEARANCES OF COUNSEL

*Patrice M. Davis* of counsel (*Bruce Allen* with her on the brief; *Robert M. Morgenthau, District Attorney,* attorney), for respondents.

*Steven G. Asin* of counsel (*Michele Maxian* with him on the brief; *Caesar Cirigliano,* attorney), for petitioner.

### OPINION OF THE COURT

BLOOM, J.

Petitioner brings this proceeding to prohibit her retrial on the charge of robbery in the second degree upon the ground that she had previously been placed in jeopardy and that a retrial would violate the prohibition against double jeopardy. We agree. Accordingly, the application is granted.

By indictment No. 7073/82, filed October 29, 1982, petitioner and her codefendant Diane Thomas were indicted by the New York County Grand Jury for robbery in the second degree. Thereafter, petitioner moved for a severance and for a separate trial. That motion was denied.

On January, 31, 1984, the case was assigned for trial. Jury selection was commenced on February 20 and was

completed on the 23rd when the jury was sworn. Opening statements were made. Thomas had made an incriminatory statement either to the police or to the prosecutor and the substance of that statement was related to the jury during the openings.

Apparently, at the opening of the proceedings on the 23rd, the court was notified that the *complainant* was not present because of illness. The victim's presence was dispensed with and the completion of the jury selection and the openings proceeded in the absence of the complainant. At the completion of these proceedings, the case was continued to the 24th. On the 24th the victim was still ill and the matter was adjourned to February 27, a Monday.

On the 27th, the prosecutor was ready to proceed. The complainant was present as was an independent witness who had been located with considerable difficulty. However, counsel for defendant Thomas notified the court that his client had been taken ill the previous morning with a vaginal infection and had gone to the Baptist Medical Hospital emergency room for treatment. She was then admitted to the hospital. The court recessed the case to 2:15 P.M. so that the matter could be checked out. During the recess, the court communicated with the hospital and was informed that Thomas would be confined there for three or four days.

When the court reconvened, it conveyed this information to counsel, and commented: "Under the circumstances, I don't think we can go ahead with this case. Nor is it my intention to hold this jury for another week". The following colloquy then ensued:

"Ms. Jones [counsel for petitioner]: I have an application, your Honor, at this time.

"My application is that my client, Miss Dickson, be severed from the other defendant and that the case proceed as to Miss Dickson.

"THE COURT: I'm going to deny that application. I can see no reason to try this case twice.

"MS. JONES: Well, your Honor, a jury has been selected. And it wouldn't seem to me to be any reason not to.

"There doesn't seem to me any reason not to go forward as to Miss Dickson, who's waited a long time for her trial in this matter.

"THE COURT: I'm denying the application.

"MS. JONES: Very well.

"THE COURT: This trial is declared a mistrial.

"This case is put over for jury selection for March 5th, which is next Monday".

On February 28, 1984, the day following the mistrial, Thomas signed herself out of the hospital. Petitioner then moved for a dismissal of the indictment against her upon the ground that a trial would subject her "to be twice put in jeopardy" for the same offense in violation of the Federal and State Constitutions (US Const, 5th Amdt; NY Const, art I, § 6; *Benton v Maryland,* 395 US 784), and CPL 40.20 (subd 1). That motion was denied. This proceeding to prohibit her retrial followed.

Preliminarily, we note that a proceeding under CPLR article 78 is an appropriate vehicle to test whether a court is acting in excess of its jurisdiction by subjecting a defendant to trial on an indictment with respect to which she has already been placed in jeopardy (*Matter of Respeto v McNab,* 90 AD2d 308, affd 60 NY2d 739; *Matter of Wiley v Altman,* 52 NY2d 410; *Matter of Abraham v Justices of N. Y. Supreme Ct.,* 37 NY2d 560; *Matter of Cirillo v Justices of Supreme Ct.,* 43 AD2d 4, affd 34 NY2d 990).

Within the meaning of the law, a person is prosecuted for an offense when the case proceeds to the trial stage and a jury has been impaneled and sworn (CPL 40.30, subd 1, par [b]). While a trial may be aborted before verdict even though jeopardy has attached without giving rise to a claim of double jeopardy, the circumstances justifying such termination of the trial are limited and, in general terms, have been codified in CPL 280.10. The particular subdivision dealing with the circumstances here involved is subdivision 3 which permits the granting of a mistrial "[u]pon motion of either party or *upon the court's own motion,* when it is physically impossible to proceed with the trial in conformity with law" (emphasis supplied). However, "[w]here a court declares a mistrial without obtaining the

defendant's consent the double jeopardy provisions of both our State Constitution and the Federal Constitution prohibit retrial for the same crime unless 'there is a manifest necessity for [the mistrial], or the ends of public justice would otherwise be defeated' " (*People v Michael,* 48 NY2d 1, 9, citing *United States v Perez,* 9 Wheat [22 US] 579, 580; *Matter of Nolan v Court of General Sessions,* 11 NY2d 114, 119). While the granting of a motion for a mistrial entails discretion (*Hall v Potoker,* 49 NY2d 501), not all mistrials granted for manifest necessity are considered to be on the same plane. To illustrate, where a mistrial is declared because a jury is deadlocked or because circumstances have developed which preclude a fair trial, the court's exercise of discretion in granting a mistrial is entitled to and is accorded great deference (*Arizona v Washington,* 434 US 497). On the other hand, where a mistrial is granted for calendar considerations or the convenience of the court or the jury, it will, on appeal, be subject to close scrutiny (*People v Michael,* 48 NY2d 1, *supra; Hall v Potoker,* 49 NY2d 501, *supra; Arizona v Washington,* 434 US 497, *supra*) to insure that a defendant's right to trial before a particular tribunal in the selection of which he has had a part, has not lightly been overridden. The burden of establishing manifest necessity in such cases is on the prosecutor and it is a heavy one (*Arizona v Washington,* 434 US 497, 505, *supra*). He must show, in the words of the statute, that it is "physically impossible to proceed with the trial in conformity with law".

The record in the case at bar is sparse indeed. It shows that the court deferred commencement of the testimonial part of the trial for two full days, followed by a weekend to accommodate the complainant. However, it allowed only an additional half day to ascertain when Thomas could be present. When it was informed that the prognosis for Thomas involved a hospital stay of three or four days, it declared a mistrial, ignoring the very sensible solution proffered by counsel for petitioner that the cases be severed and that the trial proceed against her client. Moreover, the fact is that Thomas left the hospital the next day. It might well have been that Thomas would have been ready to proceed the day she left the hospital or the following day.

While the respondent argues that Thomas' action was a ploy to delay her trial, the argument is pure speculation. The fact is that an adjournment of an additional day or two might have obviated the reason for the mistrial. The failure of the court adequately to canvass alternative solutions requires that retrial of petitioner be prohibited.

In many respects, this case is like *Matter of Respeto v McNab* (90 AD2d 308, affd 60 NY2d 739, *supra*). There, a single defendant was charged with two separate robberies which were joined in a single indictment. After the trial had proceeded on the first robbery, one of the witnesses, the stepfather of the complainant in the second robbery, an identification witness, suffered a heart attack and died moments after he left the witness stand. The complainant in the second robbery was so shocked by the occurrence that she was unable to testify. After two adjournments, the prosecutor notified the court that he could not predict when she would again be able to attend and suggested a mistrial. The court was of the opinion that the alternatives presented were impractical and granted the motion for a mistrial. A majority of this court were of the opinion that even though the granting of the mistrial was based on the absence of crucial prosecution testimony, the prosecutor did not sustain the heavy burden imposed upon him by law and granted the writ of prohibition. The Court of Appeals affirmed.

In the circumstances here presented, we are of the opinion that the prosecutor has failed to sustain the burden imposed upon him to show manifest necessity for the mistrial and that compelling petitioner to stand trial on the indictment involved will subject her to double jeopardy.

Accordingly, the petition should be granted and respondents prohibited from requiring petitioner to proceed to trial on indictment No. 7073/82 charging her with robbery in the second degree.

SULLIVAN, J. P., SILVERMAN, FEIN and MILONAS, JJ., concur.

Application for a writ of prohibition unanimously granted, and respondents are prohibited from requiring petitioner to proceed to trial on indictment No. 7073/82.