■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD BECKUM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Felig, J.), rendered July 9, 1987, convicting him of burglary in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of a fair trial as a result of the ineffective assistance of trial counsel. We disagree. It is settled that "trial tactics which terminate unsuccessfully do not automatically indicate ineffectiveness. So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" *(People v Baldi,* 54 NY2d 137, 146-147). The contention of ineffectiveness of trial counsel requires proof of less than meaningful representation, rather than simple disagreement over strategies and tactics *(see, People v Benn,* 68 NY2d 941; *see also, People v Rivera,* 71 NY2d 705, 708). The record at bar reveals that, while there may be some disagreement over trial counsel's tactics, the defendant was provided with meaningful representation. Indeed, the defendant's acquittal on two of the counts was due, in no small measure, to defense counsel's effective cross-examination of one of the witnesses.

The defendant also contends that the ability of some of the jurors to make an impartial evaluation of the evidence was in question, and that the court should have, *sua sponte,* declared a mistrial. Again, we disagree. The record reveals that the court saw a juror taking notes during the summations, and directed the juror to surrender the notes to a court officer. We find that the defendant was not thereby deprived of a fair trial.

In addition, an incident arose during the trial in which the foreperson told the court of a conversation she held with another juror. The other juror, she said, had a brother who once received a summons similar to that received by the defendant in an unrelated matter, and that the same investigating detective told the juror's brother that if he begged him he would destroy the summons. Although the disclosure would appear to have favored the defendant, the court conducted an

inquiry, as a result of which we are fully satisfied that this incident did not impair the defendant's right to a fair trial.

It is settled that "the decision whether to abort a criminal trial must rest * * * in the sound discretion of the trial court * * *. And when the Trial Judge has properly explored the appropriate alternatives * * * an appellate court will be hesitant to interfere with the exercise of this discretion" *(Hall v Potoker,* 49 NY2d 501, 505; *see also, People v Michael,* 48 NY2d 1, 9). In the case at bar, the record indicates that the trial court took all the appropriate alternatives to declaring a mistrial and we see no basis for interfering with the Trial Judge's exercise of discretion.

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.