■ In the Matter of DAVID L. COHEN, on Behalf of DERRICK REDD, Petitioner, v ROBERT J. HANOPHY et al., Respondents. [620 NYS2d 293] —Proceeding pursuant to CPLR article 78 to

prohibit the respondents from retrying the petitioner under Queens County Indictment No. 5249/92 on the ground that retrial would violate his right not to be twice placed in jeopardy for the same offense.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

Where a mistrial is declared without the consent of, or over the objection of the defendant, the principles of double jeopardy will bar a retrial for the same offense unless there is a manifest necessity for the mistrial (see, e.g., Matter of Enright v Seidlecki, 59 NY2d 195, 200; People v Michael, 48 NY2d 1, 9). In the instant case, the Trial Judge properly declared a mistrial on the ground of manifest necessity when it appeared possible that he might be called to testify as to whether or not a prosecution witness made a deal with the People in exchange for his cooperation. Moreover, we do not find that the actions of the People rise to the level of misconduct required to bar a retrial under the same indictment. Accordingly, the proceeding must be dismissed. Mangano, P. J., Thompson, Bracken, Sullivan and Balletta, JJ., concur.