OPINION OF THE COURT
 

 ClPABICK, J.
 

 Petitioner Arthur Davis commenced this CPLR article 78 proceeding in the nature of prohibition to bar, on double jeopardy grounds, his retrial for robbery in the second degree. Petitioner claims that his motion for a mistrial was specifically delimited a request for a mistrial with prejudice and that the court, by granting a mistrial without prejudice, granted the mistrial without his consent. Under the particular facts of this case, we agree and hold that double jeopardy bars petitioner’s retrial.
 

 I.
 

 Before petitioner’s trial for robbery in the second degree, Supreme Court issued two rulings precluding the People from eliciting testimony that the complaining witness had identified petitioner while watching a Court TV program and from introducing any evidence of prior warrants issued against petitioner. Despite the pretrial rulings, a prosecution witness mentioned that he had taped a show on channel 51. Petitioner moved for a mistrial, arguing that this testimony was prejudicial because the jury would know that channel 51 was the local television channel of Court TV. The Judge reserved decision.
 

 The next day, the arresting officer, in contravention of the pretrial ruling, testified that a prior warrant had been issued against petitioner. Petitioner’s counsel again moved for a mistrial and this time stated that "I am going to ask it be granted with prejudice.” When petitioner’s counsel reminded the Judge of the previous mistrial motion, the Judge asked, "Are you pressing that motion for a mistrial now?”, to which counsel responded that she was "pressing it with prejudice.” To this end, petitioner’s counsel argued that "I think there is evidence that the People intentionally brought in this information before the jury * * * ignoring the Court’s order and I am moving for a mistrial with prejudice.”
 

 The Judge announced that he was granting a mistrial, but stated that "[a]s to whether or not I will grant it with preju
 
 *629
 
 dice I will decide later.” Petitioner’s counsel immediately requested that the court "decide whether you’re going to grant it with prejudice at this time because, Judge, I may withdraw my motion” and reminded the court that the "motion at this time is a motion for a mistrial with prejudice.” The Judge repeated that he was granting the motion, but that he would reserve decision on whether the mistrial would be with or without prejudice. The court adjourned for the day, without discharging the jury, and counsel were instructed to submit legal memoranda addressing whether the grant of the mistrial should be with prejudice.
 

 The first page of petitioner’s memorandum, submitted to the court the following morning, contained the unequivocal statement that petitioner’s motion was
 
 only
 
 for a mistrial with prejudice: "[petitioner] only wanted the mistrial order if it also included a finding that the prosecutor’s actions had been intentionally designed to provoke a mistrial, and that, therefore, double jeopardy would bar reprosecution.”
 

 When petitioner later renewed his motion for a mistrial with prejudice in open court, the Judge stated that he was granting a mistrial, but that it would be granted without prejudice because "there was no intent upon the People to provoke the defendant in moving for a mistrial.” Petitioner’s counsel objected on the grounds that petitioner only consented to a mistrial with prejudice, that he objected to a mistrial without prejudice, and that he wanted the case to proceed before the already empaneled jury. The court adhered to its ruling, noting that the initial mistrial motion, when originally made, was not limited to a motion for a mistrial with prejudice, and that petitioner’s qualification that he only wanted a mistrial with prejudice was "an addendum * * * added yesterday.” The jury was discharged and petitioner was released on his own recognizance pending a retrial.
 

 Petitioner thereafter sought a writ of prohibition to prevent his retrial. The Appellate Division denied petitioner’s application, concluding that "[w]hile the petitioner made a request for a mistrial with prejudice, he waited until after the court ordered a mistrial without prejudice to inform the court that he did not want a mistrial
 
 unless
 
 it was with prejudice”
 
 (Matter of Davis v Brown,
 
 215 AD2d 381, 382). This Court granted leave to appeal and we now reverse.
 

 II.
 

 Under the protection of the Double Jeopardy Clauses of the State and Federal Constitutions, a defendant may not be twice
 
 *630
 
 put in jeopardy of criminal prosecution for the same offense
 
 (see,
 
 NY Const, art I, § 6; US Const 5th Amend). A cornerstone of the double jeopardy protection is the defendant’s right, in the event of prosecutorial or judicial error warranting a mistrial, to choose whether to request a new trial before an untainted jury or to continue to defend the case before the already empaneled jury
 
 (see, United States v Dinitz,
 
 424 US 600, 609;
 
 People v Ferguson,
 
 67 NY2d 383, 388). Recognizing the importance of the defendant’s right to have the case completed before the first jury, we have held that the defendant is free to withdraw a motion for a mistrial at any time before its grant and to continue before the already empaneled jury
 
 (see, People v Catten,
 
 69 NY2d 547, 555).
 

 It follows that when a mistrial is granted over the defendant’s objection or without the defendant’s consent, double jeopardy will, as a general rule, bar retrial
 
 (see, People v Ferguson, supra,
 
 at 388). However, the right to have one’s case decided by the first empaneled jury is not absolute, and a mistrial granted as the product of manifest necessity will not bar a retrial
 
 (see generally, Matter of Enright v Siedlecki,
 
 59 NY2d 195, 199-200;
 
 cf.,
 
 CPL 280.10 [3]). There is no claim of manifest necessity in this case.
 

 Conversely, when the defendant requests or consents to a mistrial, double jeopardy typically erects no barrier to a retrial. There is one situation, however, in which retrial will be barred even though the defendant requests, and thereby consents to, a mistrial — when the prosecution deliberately provokes a mistrial
 
 (see, Oregon v Kennedy,
 
 456 US 667, 673). When the prosecution fears the case is headed toward acquittal and intentionally causes a mistrial, the calculated result of this prosecutorial misconduct is to deprive the defendant of the right to have the case completed before the first jury. In such a case, a second trial of the defendant would constitute an impermissible second bite at the apple for the prosecution, in direct violation of the letter and spirit of both the State and Federal Double Jeopardy Clauses’ prohibitions against repeated prosecution.
 

 III.
 

 This case requires us to decide whether a criminal defendant may specifically limit a motion to one for a mistrial with prejudice — one based on the ground that the prosecution engaged in misconduct intended to provoke a mistrial, with its attendant retrial bar. We conclude that a defendant should be permitted to so delimit a mistrial motion and be given the opportunity to
 
 *631
 
 withdraw it if the total relief requested will not be granted
 
 (cf., People v Catten,
 
 69 NY2d 547, 555,
 
 supra).
 

 It is important to recognize that a specifically limited motion for a mistrial with prejudice will impose no greater burden on the trial courts than an unqualified mistrial motion. Whenever the court agrees that the prosecution has engaged in prejudicial misconduct deliberately intended to cause a mistrial, then a mistrial should be granted and retrial will be barred
 
 (see, Oregon v Kennedy,
 
 456 US 667, 673,
 
 supra).
 
 On the other hand, if the court believes the prosecution has acted entirely properly, or simply that the prosecution’s conduct, albeit improper, was not intended to provoke a mistrial, the court should deny the defendant’s motion for a mistrial with prejudice and the trial will continue apace.
 

 The People would have us adopt a rule whereby the defendant would in effect be penalized when the prosecution’s misconduct, though not rising to the level of misconduct intended to cause a mistrial, nevertheless would warrant the grant of a mistrial. Such a rule, requiring the defendant to surrender the first jury and proceed before a new jury because the level of deliberateness of prosecutorial misconduct was misperceived, would unnecessarily erode the defendant’s valued right to have the first empaneled jury determine the case.
 

 The better rule, and the one more in keeping with double jeopardy jurisprudence, is that the defendant may challenge questionable prosecutorial conduct based on the specifically limited theory that the prosecution intended to provoke a mistrial, while reserving the right to have the case determined by the first jury in the event the court rejects the defendant’s argument
 
 (see, e.g., Weston v Keman,
 
 50 F3d 633, 637-638,
 
 cert denied
 
 — US —, 116 S Ct 351;
 
 United States v Huang,
 
 960 F2d 1128).
 

 IV.
 

 Applying the foregoing principles to the case now on appeal, we conclude that petitioner apprised the court, before it granted the mistrial without prejudice, that petitioner’s motion was specifically limited to a motion for a mistrial with prejudice. In the absence of petitioner’s unequivocal acquiescence to a mistrial without prejudice, the court lacked petitioner’s consent to the discharge of the first jury and his retrial is therefore barred by the constitutional prohibition against double jeopardy
 
 (cf., Weston, supra,
 
 at 638).
 

 
 *632
 
 The Appellate Division’s conclusion that petitioner "waited until after the court ordered a mistrial without prejudice to inform the court that he did not want a mistrial
 
 unless
 
 it was with prejudice” is without support in the record. The day after petitioner initially moved for a mistrial without qualification, petitioner renewed his mistrial motion, but this time, petitioner’s counsel explained, it was being pressed with prejudice because the prosecution had deliberately attempted to cause a mistrial. Supreme Court erroneously concluded that since petitioner’s initial mistrial motion was unqualified it remained so notwithstanding the "addendum * * * added yesterday” that he only wanted a mistrial with prejudice. The settled right of a defendant to withdraw a . mistrial motion at any time before its grant similarly implies the right to modify or limit the motion before such grant
 
 (see, People v Catten,
 
 69 NY2d 547, 555,
 
 supra).
 

 Moreover, any remaining doubts the court might have had about the terms of the mistrial motion were dispelled by petitioner before the court announced its declaration of a mistrial without prejudice. In immediate response to the court’s statement that it was granting the mistrial but had not yet decided whether to grant it with prejudice, defense counsel reminded the court that the "motion at this time is a motion for a mistrial with prejudice.” Furthermore, in the legal memorandum submitted by petitioner at the court’s request, petitioner reiterated that he "only wanted the mistrial order if it also included a finding that the prosecutor’s actions had been intentionally designed to provoke a mistrial, and that, therefore, double jeopardy would bar reprosecution.”
 

 Accordingly, the judgment of the Appellate Division should be reversed, without costs, the petition granted, and respondents prohibited from retrying petitioner under Queens County indictment No. 3592/94.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Levine concur.
 

 Judgment reversed, etc.