■ In the Matter of PAUL RUBENFELD, on Behalf of LORENZO WALTERS, Petitioner, v PEARL APPELMAN et al., Respondents. [646 NYS2d 879] —Proceeding pursuant to CPLR article 78 to prohibit the respondents from retrying the defendant under Queens County Indictment No. N11743/95 on the ground that retrial would violate his right not to be twice placed in jeopardy for the same offense.

Upon the petition, the papers filed in support of the proceeding, and the papers filed in opposition thereto, it is

Adjudged that the petition is granted, on the law, without costs or disbursements, and the People are prohibited from retrying the defendant on Queens County Indictment No. N11743/95.

At the conclusion of defense counsel's summation to the jury during the trial of Lorenzo Walters under Queens County Indictment No. N11743/95, the Supreme Court *sua sponte* declared a mistrial, over defense counsel's objection, stating that defense counsel had so misstated the evidence during his summation, that the jurors could no longer be impartial.

Under the protection of the Double Jeopardy Clauses of the State and Federal Constitutions, a defendant may not be twice put in jeopardy of criminal prosecution for the same offense *(see,* NY Const, art I, § 6; US Const 5th Amend; *Matter of Davis v Brown,* 87 NY2d 626). When a mistrial is granted without the consent and over the objection of the defendant, double jeopardy will, as a general rule, bar retrial *(see, Matter of Davis v Brown, supra; Matter of Enright v Siedlecki,* 59 NY2d 195, 199-200; *Matter of Cohen v Hanophy,* 210 AD2d 327). However, the right to have one's case decided by the first empaneled jury is not absolute, and a mistrial granted as the product of manifest necessity will not bar a retrial *(see, Matter of Davis v Brown, supra; Matter of Enright v Siedlecki, supra; cf.,* CPL 280.10 [2], [3]; *see also, People v Ferguson,* 67 NY2d 383, 388; *Matter of Colcloughley v Johnson,* 115 AD2d 58, 61).

"Given that the Trial Judge is uniquely situated to evaluate whether a mistrial is appropriate, deference is [generally] accorded to [a trial court's] discretionary determination" *(Matter of Robles v Bamberger,* 219 AD2d 243, 246, citing *People v Michael,* 48 NY2d 1, 9; *see also, People v Beckum,* 156 AD2d 571). However, it is also " 'indispensibly necessary that it appear that prior to declaring such a mistrial, "the trial Judge has properly explored the appropriate alternatives, and that there is a sufficient basis in the record for a mistrial" ' " *(Matter of Robles v Bamberger, supra,* at 246, quoting dissent of Alexander, J., in *Matter of Zeigler v Morgenthau,* 99 AD2d 989, 991, *revd on dissent of Alexander, J.,* 64 NY2d 932, 933, quoting *Hall v Potoker,* 49 NY2d 501, 505; *see also, People v Beckum, supra,* at 572). The People have the burden of demonstrating that the mistrial declaration was manifestly necessary or that it was "physically impossible to proceed with the trial in conformity with law" *(see,* CPL 280.10 [2], [3]; *Matter of Colcloughley v Johnson, supra,* at 61; *Matter of Dickson v Morgenthau,* 102 AD2d 168, 171).

In this case, the Supreme Court abused its discretion in abruptly declaring a mistrial and the People have not met their burden of demonstrating that the declaration of a mistrial was manifestly necessary. The record reveals that the Supreme Court became irritated with defense counsel's overzealous advocacy, his interruptions, his argumentative manner, and his disregard of court instructions during his summation. To curb such behavior, the Supreme Court could have called a sidebar and imposed sanctions or threatened to punish defense counsel for contempt committed during his summation.

Instead, the Supreme Court continuously gave curative instructions during defense counsel's summation and then abruptly declared a mistrial, without first determining that there was a manifest necessity for such a course of action, without weighing the defendant's valued right to have his trial completed by a particular jury, and without ascertaining whether a further curative instruction would have been an appropriate alternative. Moreover, the Supreme Court never considered whether the curative instructions it had already given to the jury during defense counsel's summation had cured any improprieties. Accordingly, there is an insufficient basis in the record for the declaration of a mistrial *(see, Matter of Colcloughley v Johnson, supra,* at 61-62; *People v Mallette,* 59 AD2d 199, 202). Bracken, J. P., Krausman, Goldstein and Luciano, JJ., concur.