■ In the Matter of HECTOR ROMERO, Petitioner, v JUSTICES OF THE SUPREME COURT, QUEENS COUNTY, Respondents. [654 NYS2d 803] —Proceeding pursuant to CPLR article 78 to prohibit the respondents from retrying the petitioner under Queens County Indictment No. N10873/95 on the ground that retrial would violate his right not to be twice placed in jeopardy for the same offense.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

The petitioner was tried before a jury on charges of criminal sale of a controlled substance in the fifth degree and criminal possession of a controlled substance in the fifth degree under Queens County Indictment No. N10873/95. After presentation of the evidence was completed on May 22, 1996, the jury was charged and commenced deliberations on May 23, 1996. Pursuant to CPL 310.10 (2), the jury was not sequestered for deliberations.

Jury deliberations were recessed from May 24 to May 27 for a religious observance and the Memorial Day weekend, and were scheduled to resume on Tuesday, May 28. That morning, however, the court clerk received a telephone call from someone calling on behalf of Juror No. 11. The caller stated that Juror No. 11 was unable to appear for deliberations because she was attending her father's funeral in North Carolina. No further information was given to or requested by the clerk. After defense counsel and the prosecutor agreed that they wanted to continue the case, the court adjourned the case until the following day.

On Wednesday, May 29, Juror No. 11 failed to appear for deliberations, and telephone calls to her house went unanswered. When the court raised the possibility of a mistrial, defense counsel requested a mistrial with prejudice. The prosecutor suggested that the court adjourn the case until the following Monday, June 3, pursuant to CPL 310.10 (2), in order to see if Juror No. 11 would return for deliberations or if she could be contacted. The court agreed with the prosecutor and adjourned the case until Monday, June 3.

Once again, on Monday June 3, Juror No. 11 did not appear for deliberations and there was no response to telephone calls made to her residence. At this point, the court announced its intention to declare a mistrial pursuant to CPL 280.10 (3), and invited comment from counsel. Again, defense counsel requested a mistrial with prejudice, which the People opposed. The court then declared a mistrial and dismissed the jury.

Subsequently, the petitioner commenced the instant CPLR

article 78 proceeding in this Court, *inter alia*, to prohibit his retrial under Queens County Indictment No. N10873/95.

Initially, we reject the People's contention that the petitioner impliedly consented to the mistrial. Although a defendant's consent can be implied from the record (*People v Ferguson*, 67 NY2d 383, 389), the petitioner's defense counsel specifically consented only to a mistrial with prejudice, as was her right (*Matter of Davis v Brown*, 87 NY2d 626, 630-631). Therefore, we must determine whether the petitioner's retrial is barred by double jeopardy under the present circumstances.

Generally, double jeopardy will bar retrial when a mistrial is granted over the defendant's objection or without his or her consent, unless the mistrial is granted "as the product of manifest necessity" (*Matter of Davis v Brown, supra*, at 630; *see, People v Ferguson, supra*, at 388; *Matter of Enright v Siedlecki*, 59 NY2d 195, 199-200; *Matter of Rubenfeld v Appelman*, 230 AD2d 911; *Matter of Cohen v Hanophy*, 210 AD2d 327). In determining whether such manifest necessity exists, there must be a high degree of necessity before concluding that a mistrial is appropriate, i.e., the grant of a mistrial must be "necessitous, actual and substantial" (*Matter of Enright v Siedlecki, supra*, at 200; *see also, United States v Klein*, 582 F2d 186, 190, *cert denied* 439 US 1072).

"Although the trial court's view as to the necessity for discharging the jury is entitled to deference, its discretion is not unlimited (*see, e.g., Matter of Enright v Siedlecki*, 59 NY2d, at 200, *supra; People v Michael*, 48 NY2d 1, 9). The court has a duty to consider alternatives to a mistrial and to obtain enough information so that it is clear that a mistrial is actually necessary (*see, e.g., United States v Jorn*, 400 US 470, 487; *Hall v Potoker*, 49 NY2d 501, 505)" (*People v Ferguson, supra*, 67 NY2d, at 388; *see, People v Niccolich*, 220 AD2d 461, 462).

We reject the petitioner's contention that a mistrial was not manifestly necessary under the instant circumstances. Faced with the absence of Juror No. 11, the court first adjourned deliberations for one day, then again for five days, including the weekend. Additionally, the record reveals that repeated and diligent attempts were made to contact the absent juror during this time, all to no avail. Thus, the court was faced with a situation in which it did not know when, and indeed if, Juror No. 11 would return for deliberations. The court could not reasonably be required to order an indefinite continuance (*see, Matter of Enright v Siedlecki, supra*, at 203), but rather, it "was justified in concluding that there was no acceptable alternative to a mistrial" (*Matter of Enright v Siedlecki, supra*,

at 202 [citations omitted]; *cf., People v Ferguson, supra,* 67 NY2d 383; *People v Niccolich, supra,* 220 AD2d 461). Rosenblatt, J. P., Copertino, Pizzuto, Krausman and Florio, JJ., concur.