■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHON HOLLAND, Appellant. [670 NYS2d 534] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Delury, J.), rendered January 11, 1996, convicting him of robbery in the first degree (two counts), robbery in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

Generally, the principles of double jeopardy will bar a retrial when a mistrial is granted over the defendant's objection or without his or her consent, unless the mistrial is granted "as the product of manifest necessity" (*Matter of Davis v Brown,* 87 NY2d 626, 630; *see, People v Ferguson,* 67 NY2d 383, 388; *Matter of Enright v Siedlecki,* 59 NY2d 195, 199-200; *Matter of Rubenfeld v Appelman,* 230 AD2d 911; *Matter of Cohen v Hanophy,* 210 AD2d 327). "Although the trial court's view as to the necessity for discharging the jury is entitled to deference, its discretion is not unlimited (*see, e.g., Matter of Enright v Siedlecki,* 59 NY2d, at p 200, *supra; People v Michael,* 48 NY2d 1, 9). The court has a duty to consider alternatives to a mistrial and to obtain enough information so that it is clear that a mistrial is actually necessary (*see, e.g., United States v Jorn,* 400 US 470, 487; *Hall v Potoker,* 49 NY2d 501, 505)" (*People v Ferguson, supra,* at 388; *see, People v Niccolich,* 220 AD2d 461, 462).

Here the trial court adequately explored the possibility that the jury was deadlocked, and it is significant that it was the jury, on its own initiative, that declared it could not reach a verdict on three of the six counts submitted to it (*see, Matter of Plummer v Rothwax,* 63 NY2d 243, 252). The trial court questioned the jury through its foreperson who insisted that further deliberations would be fruitless, and that additional deliberation time would not be helpful. Notably, there was no word or other indication of dissent from any of the jurors. The court's investigation of the jury's inability to reach a verdict

was therefore adequate (*see, Matter of Plummer v Rothwax, supra*). Accordingly, it cannot be said that the trial court improvidently exercised its discretion in declaring a mistrial and discharging the jury at the first trial, and retrial was not barred by the principles of double jeopardy (*see, Matter of Plummer v Rothwax, supra,* at 253).

Further, the court did not improvidently exercise its discretion in ruling that the prosecutor would be allowed to question the defendant as to the underlying facts of his prior convictions if he testified at trial (*see, People v Robinson,* 203 AD2d 491, 493; *People v Sandoval,* 34 NY2d 371).

Lastly, the lineup procedure was not unduly suggestive (*see, People v Hannah,* 234 AD2d 317; *People v Singleton,* 222 AD2d 719; *People v Bower,* 222 AD2d 516). By refusing to cooperate, the defendant created the very condition which caused the police to handcuff him, and, as such, he waived his right to claim error as a result (*see, People v Van Hook,* 184 AD2d 741; *People v Cobb,* 161 AD2d 721). Copertino, J. P., Altman, Florio and Luciano, JJ., concur.