■ In the Matter of DAVID R. KLEIGMAN, on Behalf of GEORGE ALVAREZ, Petitioner, v JUSTICES OF THE SUPREME COURT, KINGS COUNTY, et al., Respondents. [728 NYS2d 761] —Proceeding pursuant to CPLR article 78, in the nature of prohibition, to prohibit the respondents from retrying the petitioner under Kings County Indictment No. 9870/92 on the ground that retrial would violate his right not to be twice placed in jeopardy for the same offense.

Adjudged that the petition is denied, and the proceeding is dismissed, without costs or disbursements.

The petitioner was tried before a jury on charges of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree under Kings County Indictment No. 9870/92. After presentation of the evidence was completed, and the jury was charged, it commenced deliberations on April 25, 2001. The jury was sequestered for deliberations.

On April 26, 2001, while returning from dinner, Juror No. 2 suffered an apparent seizure and was taken to the Long Island College Hospital emergency room. The next morning, Friday, April 27, 2001, the Supreme Court related to the parties that it had spoken by telephone with the doctor for Juror No. 2, and had been told that the juror was a "very sick man," who has had a heart problem since 1999, and that problems had been discovered with his liver. The doctor did not, as of the time of her phone call to the court, have the results of the various medical tests performed on Juror No. 2. Therefore, the doctor could not make a firm decision about Juror No. 2's condition until the following Monday, which would be the earliest date he could be released. The doctor informed the court that regardless of what the test results revealed, she would recommend from one to two weeks bedrest for Juror No. 2 after his release from the hospital, and that even if he could return to work, she did not think, under these circumstances, that he should become involved in the stressful situation of jury deliberations.

The petitioner then requested an evidentiary hearing on the issue of medical necessity before determining whether a reasonable alternative existed which would permit continued deliberations. The Supreme Court denied this request, and extended to the petitioner, as an alternative to a mistrial, the choice of agreeing to a nonsequestered jury that could stand by until Juror No. 2 was well enough to continue deliberations. The petitioner rejected the offer. The Supreme Court concluded that it would be unreasonable to keep the jury sequestered and declared a mistrial. The petitioner commenced the instant CPLR article 78 proceeding to prohibit his retrial under Kings County Indictment No. 9870/92.

Generally, double jeopardy will bar retrial when a mistrial is granted over the defendant's objection, or without his or her consent, unless the mistrial is granted "as the product of manifest necessity" (*Matter of Davis v Brown,* 87 NY2d 626, 630; *see, People v Ferguson,* 67 NY2d 383, 388; *Matter of Enright v Siedlecki,* 59 NY2d 195, 199-200; *Matter of Rubenfeld v Appelman,* 230 AD2d 911; *Matter of Cohen v Hanophy,* 210 AD2d 327). In determining whether such manifest necessity exists, there must be a high degree of necessity before concluding that a mistrial is appropriate, i.e., the reasons underlying the grant of a mistrial must be "necessitous, actual and substantial" (*Matter of Enright v Siedlecki, supra,* at 200; *see also, United States v Klein,* 582 F2d 186, 190-191, *cert denied* 439 US 1072).

We reject the petitioner's contention that the Supreme Court

erred in declaring a mistrial without conducting an evidentiary hearing to establish the facts necessary to a determination of manifest necessity. The doctor made it clear that the test results would not change her recommendation that Juror No. 2 have from one to two weeks bedrest upon discharge, and thus, the juror would not be available to continue deliberations for at least nine days. As a result, no hearing was required, as no new information not already available to the court would be revealed.

Under the circumstances, the determination to grant a mistrial was proper. The remedy of prohibition is available only where there is a clear legal right to the relief sought, and then "only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Matter of Holtzman v Goldman,* 71 NY2d 564, 569; *see, Rush v Mordue,* 68 NY2d 348, 352). The petitioner has failed to establish a clear legal right to the relief sought, and therefore, the petition is dismissed. Altman, J. P., S. Miller, McGinity, H. Miller and Crane, JJ., concur.