■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RACKY RAMCHAIR, Appellant. [764 NYS2d 725] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered April 28, 1997, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested and charged with the April 1995 robbery of a cabdriver in Queens. His first trial ended in a mistrial upon the request of the defense counsel. The second trial also ended abruptly when the trial court declared a mistrial over the defense counsel's objection after one of the deliberating jurors became ill and was hospitalized. At the third trial, a detective testified that the defense counsel was present at the lineup but raised no objections. The jury found the defendant guilty of the crimes of robbery in the first degree and robbery in the second degree.

The defendant contends that the third trial violated his right not to be placed in double jeopardy because the trial court improperly declared a mistrial during the second trial over the defense counsel's objection. We do not agree.

Generally, double jeopardy will bar a retrial when a mistrial is granted over the defendant's objection, unless the mistrial is granted "as the product of manifest necessity" (*Matter of Davis v Brown,* 87 NY2d 626, 630 [1996]; *Matter of Enright v Siedlecki,* 59 NY2d 195 [1983]; *Matter of Rubenfeld v Appelman,* 230 AD2d 911 [1996]). The People have the burden of demonstrating that the declaration of a mistrial was manifestly necessary, or, that it was "physically impossible to proceed with the trial in conformity with the law" (*Matter of Colcloughley v Johnson,* 115 AD2d 58, 61 [1986] [internal quotation marks omitted]; *Dickson v Morgenthau,* 102 AD2d 168, 171 [1984]).

In the instant case, at the time the juror was hospitalized, the trial court had already dismissed the alternate jurors and sequestered the jury. The jury had actually begun deliberating the day before the hospitalization, spent one night in a hotel, and had returned for deliberations the following day, when the juror began complaining of chest pains and numbness in her left arm. She was subsequently admitted into the hospital for an indeterminate period of time, and diagnosed as possibly having suffered a heart attack. Under these circumstances, it was proper for the trial court to have declared a mistrial over the defendant's objection (*see Matter of Kleigman v Justices of Supreme Ct., Kings County,* 285 AD2d 646 [2001]; *Matter of Romero v Justices of Supreme Ct., Queens County,* 237 AD2d 292 [1997]).

The defendant also contends that his constitutional right to present a defense was violated when the trial court precluded the defense counsel from testifying on his behalf at the third trial. The defense counsel sought to testify to rebut the detective's statement that he did not raise any objections at the lineup when the complainant identified the defendant. However, since the defense counsel never requested to withdraw as the defendant's attorney so that he could be the defendant's witness, it was proper for the trial court to preclude his testimony (*see People v Rivera,* 172 AD2d 633 [1991]; *People v Limongelli,* 156 AD2d 473 [1989]; Code of Professional Responsibility DR 5-101 [22 NYCRR 1200.20]; Code of Professional Responsibility DR-5-102 [22 NYCRR 1200.21]). Florio, J.P., S. Miller, Friedmann and Luciano, JJ., concur.