OPINION OF THE COURT
Per Curiam.
Petitioner, James Smith, brings this CPLR article 78 proceeding for a writ of prohibition barring his retrial upon Bronx County Supreme Court indictment No. 3306/12 and granting such other and further relief as this Court may deem just and proper. Petitioner contends, and the People concede, that retrial would twice place him in jeopardy for the same offenses in violation of his state and federal constitutional rights.
Petitioner is charged with auto stripping in the second degree and criminal possession of stolen property in the fifth degree. Respondent Justice Patricia Anne Williams presided over a jury trial that commenced on July 2, 2013. During the People’s case and at Justice Williams’s suggestion, the People and petitioner entered into a written stipulation that was amended, received in evidence and then read to the jury as a substitute for the testimony of Hernandez, the owner of the subject motor vehicle. Although the court expressed misgivings about the sufficiency of the stipulation, the trial continued. The People rested and petitioner did not put on a case. During petitioner’s summation, the court sustained an objection to a comment by counsel apparently on the ground that petitioner was trying to take unfair advantage of the stipulation. At sidebar, the following colloquy took place:
“THE COURT: I went through this whole long explanation about why I intervened with respect to the stipulation, because it was my suggestion that *123 you might want to consider a stipulation to replace Mr. Hernandez. You chose to agree to a set of facts, which did not include the name of Mr. Hernandez even. I told you if you went that way I would take whatever steps were necessary. Apparently, you did not care, as you have not cared what my rulings were in the past. Congratulations. This trial is at an end. Step back.”
Justice Williams then sua sponte declared a mistrial, discharged the jury and sent the case to Justice Marcus’s part for retrial.
Jeopardy attaches once a jury has been selected and sworn (Matter of Capellan v Stone, 49 AD3d 121, 126 [1st Dept 2008], lv denied 10 NY3d 716 [2008]). When a mistrial is declared without the consent or over the objection of a criminal defendant, the prohibition against double jeopardy contained in the Fifth Amendment of the United States Constitution and in section 6 of article I of the New York State Constitution bars retrial for the same offense or offenses unless there is a manifest necessity for the mistrial or the ends of public justice would otherwise be defeated (Matter of Enright v Siedlecki, 59 NY2d 195, 199 [1983]). Here, as the People concede, counsel’s summation comment was not overly prejudicial and provided no basis for a mistrial on “manifest necessity” or “ends of public justice” grounds.
Accordingly, the petition for a writ of prohibition should be granted, without costs, respondents should be prohibited from retrying petitioner James Smith on Bronx County indictment No. 3306/12, and the indictment should be dismissed.
Sweeny, J.P, DeGrasse, Manzanet-Daniels and Clark, JJ., concur.
Application for a writ of prohibition granted, without costs and disbursements, respondents prohibited from retrying petitioner on Bronx County indictment No. 3306/12, and the indictment dismissed.