In the Matter of URIEL WHYTE, Petitioner, v NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE et al., Respondents. [30 NYS3d 684]—

Proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the respondents from retrying the petitioner in a criminal action entitled *People v Whyte*, pending in the Supreme Court, Nassau County, under indictment No. 1339N-13, on the ground that retrial would subject him to double jeopardy.

Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.

The petitioner was charged with attempted murder in the second degree, attempted assault in the first degree, assault in the second and third degrees, and criminal possession of a weapon in the third and fourth degrees. At the beginning of the trial, the Supreme Court advised the jurors of its estimate that the trial would take approximately two weeks. On what would have been the second day of evidence, the jury was excused due to inclement weather. On that date, the prosecutor requested a *Sirois* hearing (*see People v Sirois*, 92 AD2d 618 [1983]; *Matter of Holtzman v Hellenbrand*, 92 AD2d 405, 415 [1983]). The court then conducted a *Sirois* hearing, which concluded six days later. During that period, the court expressed concern that, due to the delay, jurors would become unavailable and a mistrial would become necessary. The petitioner did not protest.

During the period of delay, juror No. 10 was excused because she had scheduled work commitments based upon the Supreme Court's original estimate of when the trial would conclude. In addition, juror No. 9 became unavailable due to a violent assault on her son, for whom she needed to provide care. Juror No. 9 also expressed concern about her ability to remain impartial in light of the attack on her son. Finally, juror No. 7 had previously informed the court that, due to plans related to her daughter's upcoming wedding, she would become unavail-

able within two days after the presentation of evidence was schedule to resume.

Without objection from the petitioner, the Supreme Court informed counsel of its intention to declare a mistrial and, upon reassembling the jury, did so. The petitioner thereafter moved pursuant to CPL 40.20 to bar a retrial. In an order entered October 22, 2015, the court denied the motion. The petitioner then commenced this proceeding pursuant to CPLR article 78, seeking to prohibit the respondents from retrying him.

"Prohibition is an extraordinary remedy" which may be issued "only when a court . . . acts or threatens to act without jurisdiction in a matter of . . . which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction" (*see Matter of Brown v Blumenfeld*, 89 AD3d 94, 101 [2011] [internal quotation marks omitted]; *see Matter of Soares v Herrick*, 20 NY3d 139, 145 [2012]; *Matter of Haggerty v Himelein*, 89 NY2d 431, 435 [1997]; *Matter of Holtzman v Goldman*, 71 NY2d 564, 569 [1988]; *Matter of Brown v Blumenfeld*, 103 AD3d 45, 54 [2012]). "The primary function of prohibition is to prevent 'an arrogation of power in violation of a person's rights, particularly constitutional rights' " (*Matter of Vinluan v Doyle*, 60 AD3d 237, 244 [2009], quoting *Matter of Nicholson v State Commn. on Jud. Conduct*, 50 NY2d 597, 606 [1980]), and is, therefore, the "traditional remedy" where a defendant seeks protection against double jeopardy (*Matter of Kraemer v County Ct. of Suffolk County*, 6 NY2d 363, 365 [1959]; *see Matter of Enright v Siedlecki*, 59 NY2d 195, 198 n 1 [1983]; *Matter of Di Lorenzo v Murtagh*, 36 NY2d 306, 309-310 [1975]; *see also Matter of Brown v Blumenfeld*, 89 AD3d at 102-103).

In general, "double jeopardy will bar a retrial when a mistrial is granted over the defendant's objection, unless the mistrial is granted 'as the product of manifest necessity' " (*People v Ramchair*, 308 AD2d 601, 602 [2003], quoting *Matter of Davis v Brown*, 87 NY2d 626, 630 [1996]; *see People v Ferguson*, 67 NY2d 383, 388 [1986]; *Matter of Roey v Lopresto*, 122 AD3d 929, 931 [2014]). "Manifest necessity for a mistrial has been found where the court concludes, after conducting a 'probing and tactful inquiry,' that a juror is grossly unqualified to continue serving" and there are no alternates available (*Matter of Robles v Bamberger*, 219 AD2d 243, 246 [1996], quoting *People v Buford*, 69 NY2d 290, 299 [1987]; *see Matter of Enright v Siedlecki*, 59 NY2d at 199-200; *People v Paige*, 134 AD3d 1048, 1053-1054 [2015]; CPL 270.35). Before declaring a

mistrial, the court has "the duty to consider alternatives to a mistrial and to obtain enough information so that it is clear that a mistrial is actually necessary" (*People v Ferguson*, 67 NY2d at 388; *see Matter of Romero v Justices of Supreme Ct., Queens County*, 237 AD2d 292, 293 [1997]; *Matter of Robles v Bamberger*, 219 AD2d at 246). A trial court's determination that a mistrial is necessary is entitled to deference, as that court is in the best position to assess the circumstances (*see Matter of Rivera v Firetog*, 11 NY3d 501, 507 [2008]; *People v Ferguson*, 67 NY2d at 388; *Matter of Enright v Siedlecki*, 59 NY2d at 201; *Matter of Romero v Justices of Supreme Ct., Queens County*, 237 AD2d at 293; *Matter of Robles v Bamberger*, 219 AD2d at 246). Likewise, "the trial judge's evaluation of the likelihood that the impartiality of one or more jurors may have been affected" will be accorded "the highest degree of respect" (*Arizona v Washington*, 434 US 497, 511 [1978]; *see Matter of Enright v Siedlecki*, 59 NY2d at 200-201; *People v Michael*, 48 NY2d 1, 9-10 [1979]; *Matter of Romero v Justices of Supreme Ct., Queens County*, 237 AD2d at 293).

Here, when the jury reconvened after the *Sirois* hearing, one juror (No. 10) had been excused, leaving 12 jurors, and the excusal of two more jurors (Nos. 7 and 9) was imminent, leaving only 10 jurors. Furthermore, although the mistrial was declared on the eighth business day after the presentation of evidence had commenced, only one partial day of evidence presentation had occurred, despite the Supreme Court's initial estimate that the trial would take approximately two weeks (i.e., 10 business days). Under these circumstances, the court correctly determined that there was manifest necessity for a mistrial (*see Matter of Roey v Lopresto*, 122 AD3d at 931; *People v Hambrick*, 96 AD3d 972, 973-974 [2012]). In any event, by failing to object to the court's expressed intention to declare a mistrial, the petitioner implicitly consented to a mistrial in this case (*see People v Ferguson*, 67 NY2d at 388-389; *People v Hawkins*, 228 AD2d 450, 451 [1996]; *People v Lilly*, 187 AD2d 674, 675 [1992]; *see generally Matter of Anderson v Buchter*, 19 AD3d 484, 485 [2005]).

In light of the foregoing, we need not reach the respondents' remaining contention. Eng, P.J., Hall, Sgroi and Duffy, JJ., concur.