■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILBERT HINES, Appellant. [594 NYS2d 764] —Judgment, Supreme Court, New York County (Patricia Williams, J.), rendered November 8, 1990, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, unanimously

reversed, on the law and the facts, and the matter is remanded for a new trial.

The defendant was arrested as the result of a buy and bust operation. During the trial there were several occasions on which one or more of the jurors required some form of special consideration due to the length of the trial. On Monday September 24, 1990, the beginning of the third week of the trial, juror number 8 indicated to the court that his continued service was causing him financial difficulties. No further inquiry was made at that time. That afternoon when both parties rested and the trial court indicated the trial would recess until Wednesday, September 26, 1990, juror number 8 again indicated that it would be a problem for him to continue. Previously another juror, juror number 1, had also renewed her application to be discharged.

A sidebar conference was held during which the juror stated that, while he had been patient with the delays up to that point his financial situation had recently become more serious. The juror stated that the previous week IRS had placed a lien on the assets of his business which cost him $3,000 to $5,000 per day. The juror stated that he tried to resolve the problem during the previous week's recess in the trial, but could not do so. He stated also, that he did not have much hope of resolving the matter the following day when the trial was again in recess. The court had the jury taken out and briefly discussed the matter with counsel. The Trial Justice inquired of the attorneys which juror, number 1 or number 8, they wanted to keep. Defense counsel objected to the discharge of either juror and stated that he wanted to keep both jurors; however the court disagreed and *sua sponte* discharged juror number 8 and replaced him with an alternate.

*People v Page* (72 NY2d 69, 73) requires that the trial court conduct a reasonably thorough inquiry and recitation on the record of the facts and reasons for invoking the statutory authorization of discharging and replacing a sworn juror based on continued unavailability. This involves a reasonable attempt to ascertain, *inter alia,* the degree of unavailablility of the juror and whether the trial could have continued to conclusion with sufficient time yet available for the juror to have satisfied his business needs *(People v Nocedo,* 161 AD2d 297, 298).

Even though the trial court was faced with the somewhat unique situation of having multiple jurors requesting to be discharged, it should have conducted a more in depth inquiry

of juror number 8 on the record before discharging him, especially since financial hardship is generally not a sufficient reason to warrant discharge when the trial is near completion *(People v Jackson,* 158 AD2d 397, *lv denied* 76 NY2d 790). Given the fact juror number 8 did not state definitely that he would not have been available on Wednesday, September 26, 1990, the Trial Justice should have ascertained whether the juror's financial difficulties would have affected his ability to deliberate impartially and whether the trial could have been continued for a period of time to allow for the juror to attend to his financial problems. Moreover, the court could have waited until the next day of trial, Wednesday, September 26, 1990, to determine whether or not to discharge the juror upon ascertaining whether or not juror number 1 and juror number 8 were in fact successful in resolving their difficulties on the intervening recess day, Tuesday, September 25, 1990. Concur —Milonas, J. P., Ross, Asch and Rubin, JJ.