[795 NYS2d 582]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON ORDENANA, Appellant.

First Department, June 2, 2005

## APPEARANCES OF COUNSEL

*Robert S. Dean, Center for Appellate Litigation*, New York City (*Abigail Everett* and *Michael J.Z. Mannheimer* of counsel), for appellant.

*Robert M. Morgenthau, District Attorney*, New York City (*Deborah L. Morse* of counsel), for respondent.

## OPINION OF THE COURT

ANDRIAS, J.

In order to help assure a just and fair trial, CPL 270.40 requires that, after the jury has been sworn and before the People's opening, the court must give the jury certain preliminary instructions, including an admonition not to converse among themselves or with anyone else upon any subject connected with the trial. "Our law . . . does not permit jurors to converse among themselves about the case until the Court tells them to begin deliberations because premature discussions can lead to a premature final decision" (CJI2d[NY] Jury Admonitions In Preliminary Instructions).

Defendant, after being acquitted of attempted rape and attempted assault charges at his first trial, was retried on first-degree sodomy and sexual assault charges, upon which the first jury was unable to reach a verdict. Despite the jurors in this case having been preliminarily instructed not to discuss the case among themselves until they began formal deliberations, at the end of trial as those deliberations began, it became evident to defense counsel that some jurors may have disobeyed the court's admonition. Counsel brought that possibility to the court's attention, but the court refused to inquire into the matter before accepting the jury's guilty verdict.

On appeal, defendant argues that the court erroneously refused to inquire into the allegations of jury misconduct and that a new trial is warranted. In response, the People concede that where there is evidence that jurors have been prematurely deliberating, the court must make an inquiry to determine whether the offending jurors can continue to serve (*see People v Buford*, 69 NY2d 290, 299 [1987]). They argue, however, that defendant has waived such claim inasmuch as defense counsel waited until the jury had announced that they had reached a verdict to equivocally ask the court to make such inquiry. Such request, it is argued, was made in such a way as to guarantee that it would be denied and was part of counsel's trial strategy to treat the subject of possible improper juror conversations not as a potential problem to be remedied, but as a seed to be planted and cultivated for possible use on appeal, in the event the jury returned a guilty verdict. We disagree.

After the court had charged the jury, the two alternate jurors were discharged and offered the opportunity to speak with

counsel. While speaking with defense counsel, one of the alternate jurors, a Ms. Berrios, told him that she and some of the other sitting jurors had discussed the case ("the jurors have been discussing the case all along") prior to deliberating, in direct violation of the court's instructions. Although noting that the second alternate denied discussing the case with Ms. Berrios or any other juror, counsel moved for a mistrial since it appeared that some members of the jury had engaged in misconduct.

The People opposed counsel's motion, arguing that it was premature since Ms. Berrios told the prosecutor, who was not present during defense counsel's conversation with her, that "she doesn't know what she would do with this case. Ms. Berrios feels [the complainant] kind of deserved it. The defendant didn't really intend to follow her with any purpose in mind." The prosecutor confirmed that the other alternate denied discussing the case and repeated that the motion was premature especially given that the jury had requested "a re-play of the entire trial." The court thereupon denied the motion for a mistrial.

The next day, after the jury announced that it had reached a verdict, defense counsel asked the court "what if anything your Honor intends to do" about the fact the jurors were discussing the case prior to deliberations, contrary to the court's instructions. The court responded: "I intend to do absolutely nothing about it because a jury is not allowed to impeach its own verdict." Counsel replied: "Except that if the jury engaged in jury misconduct by discussing this case in contradiction to your Honor's instruction, then that would be something that should be inquired of them." The court, over counsel's objection, "decline[d] to do so." The jury then returned its verdict, finding the defendant guilty as charged.

CPL 270.35 mandates that "[i]f at any time after the trial jury has been sworn and before the rendition of its verdict . . . the court finds . . . that a juror . . . has engaged in misconduct of a substantial nature, but not warranting the declaration of a mistrial, the court *must* discharge such juror. . . . If no alternate juror is available, the court must declare a mistrial" (emphasis added). The section further requires that the court, in determining whether a juror is unable to serve, "shall make a reasonably thorough inquiry" (subd [2] [a]), "afford the parties an opportunity to be heard before discharging a juror" and "place on the record the facts and reasons for its determination" (subd [2]

[b]). While vague and generalized allegations of premature deliberations are insufficient to warrant such an inquiry (*see People v Redd*, 164 AD2d 34, 37 [1990]), defense counsel's request was neither vague nor generalized.

Here, one alternate juror admitted that she and some deliberating jurors had been discussing the case all along in direct violation of the court's instructions. Contrary to the People's argument, this was not a hearsay contention inasmuch as the juror who made the allegation was involved in the alleged premature deliberations. The alternate stated that she did not know what she would do with the case and felt that the complainant "deserved it," suggesting that no decision had been made prior to deliberations and that any premature deliberations did not affect her state of mind. Nevertheless, because the court did not conduct any inquiry, it is impossible to know the bearing, if any, such premature deliberations had on the other deliberating jurors and on the resulting verdict.

In *People v McClenton* (213 AD2d 1 [1995], *appeal dismissed* 88 NY2d 872 [1996]), where the trial court declined to conduct an inquiry of a deliberating juror who wrote a note which indicated that the juror's discharge might be required, this Court concluded that an inquiry should have been conducted by the trial court. The trial court's refusal to do so, we stated, "means that it will never be known whether this defendant was tried by a jury which did not engage in premature deliberations [or] did not commence deliberations with a predisposition toward a finding of guilt" (at 6).

As in *McClenton*, the issue here is not whether the jurors would or should have been discharged, but rather whether the trial court should have conducted an inquiry. Because the court here refused to conduct any inquiry, it will never be known whether some of the jurors engaged in premature deliberations or commenced deliberations with a predisposition toward a guilty finding, and it would be sheer speculation to conclude that the jury was not predisposed on the issue of guilt based solely upon the length and seemingly extensive deliberations that the jury undertook.

Accordingly, the judgment of the Supreme Court, New York County (John A.K. Bradley, J.), rendered October 1, 2002, convicting defendant, after a jury trial, of sodomy in the first degree and sexual abuse in the first degree, and sentencing him to concurrent terms of imprisonment of five and two years, respectively, should be reversed, on the law, the convictions vacated and the matter remanded for a new trial.

BUCKLEY, P.J., NARDELLI, GONZALEZ and SWEENY, JJ., concur.

Judgment, Supreme Court, New York County, rendered October 1, 2002, reversed, on the law, the convictions vacated and the matter remanded for a new trial.