■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE COOK, Appellant. [859 NYS2d 181]—

Judgment, Supreme Court, New York County (Edward J. Mc-

Laughlin, J., at suppression hearing; Charles J. Tejada, J., at first jury trial and mistrial declaration; John Cataldo, J., at second jury trial and sentence), rendered October 17, 2005, convicting defendant of two counts of robbery in the first degree and two counts of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 22 years to life, unanimously affirmed.

At the first trial, the court properly exercised its discretion when it declared a mistrial. This action was based on manifest necessity, and double jeopardy did not bar retrial (*see Matter of Plummer v Rothwax*, 63 NY2d 243, 249-250 [1984]; *People v Michael*, 48 NY2d 1, 9 [1979]; CPL 280.10 [3]; 310.60 [1] [a]). The jury indicated that it was at an impasse after approximately five days of deliberations, which had been spread out over more than 10 days. While this was the first note stating the jury had reached an impasse, there had been two prior notes casting doubt on the jury's ability to reach a verdict, and the jury had been deliberating for an extensive period of time in a case that involved a relatively simple question of fact.

Under these circumstances, the court reasonably concluded that further deliberations would be futile (*see Plummer*, 63 NY2d at 250-253). Moreover, a juror could not assure the court that she could reach a fair and impartial verdict. The juror was scheduled to leave on an important trip on the day after the jury declared an impasse. While a juror's personal or financial inconvenience alone would be insufficient to establish the requisite manifest necessity (*Michael*, 48 NY2d at 9-10), here the juror was unable to declare her continued ability to deliberate fairly.

The court also properly considered alternatives to the mistrial (*see People v Ferguson*, 67 NY2d 383, 388 [1986]), such as an *Allen* charge, which it rejected given the length of deliberations at that time and the impending unavailability of the juror in question. The court also considered directing the juror to continue deliberating and miss the trip, but, as stated, this would have created uncertainty as to her ability to render a fair and impartial verdict. Suspension of deliberations until the juror returned from her trip was also impractical, especially since another juror had a trip scheduled for the day after the first juror's return. Thus, the court properly found manifest necessity for a mistrial.

The hearing court properly denied defendant's motion to suppress his confession. The record supports the court's conclusions (4 Misc 3d 1007[A], 2004 NY Slip Op 50767[U] [2004]) that the police had sufficient probable cause to continue

defendant's detention even after a witness failed to identify him in a lineup, and that the confession was voluntary.

The trial court properly denied defendant's request for a circumstantial evidence charge. Since defendant's admission of his guilt clearly constituted direct evidence, such a charge was not necessary (*see People v Guidice,* 83 NY2d 630, 636 [1994]). The fact that the court instructed the jury to consider the voluntariness of defendant's statement did not create an issue as to whether the statement was direct or circumstantial evidence, or change the case to one based on wholly circumstantial evidence (*compare People v Sanchez,* 61 NY2d 1022, 1023 [1984]).

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (*see Almendarez-Torres v United States,* 523 US 224 [1998]). Concur—Saxe, J.P., Nardelli, Catterson and McGuire, JJ.