■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ONNIE PARKER, Appellant. [876 NYS2d 56]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J., at mistrial; Maxwell Wiley, J., at second jury trial and sentence), rendered February 15, 2006, convicting defendant of burglary in the second degree and attempted rape in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 12 years, unanimously affirmed.

Defendant's retrial was not barred by double jeopardy, because the court's sua sponte declaration of a mistrial was based on manifest necessity (*see Matter of Enright v Siedlecki*, 59 NY2d 195, 200 [1983]). The court observed that defense counsel had fallen asleep during the prosecutor's cross-examination of defendant. In addition to the court's own observations, the record reveals, among other things, counsel's failure to react to events during the cross-examination, counsel's complete failure to respond to the court's inquiry as to whether he wished to ask any questions on redirect, defendant's spontaneous expression of dismay at his lawyer's condition, and counsel's implied admission that he had been asleep. The conclusion is inescapable that counsel slept through a significant portion of the prosecutor's questioning and did not merely doze off or close his eyes. Furthermore, the court concluded that counsel was having "a particularly terrible trial," considering "what occurred by way of topics, questions, not understanding what the witnesses had said" and thus had not met the standard of effective representation. Accordingly, the court concluded that the attorney not only failed to function as counsel at a critical time (*see Tippins v Walker*, 77 F3d 682, 687 [2d Cir 1996]), but was generally ineffective. In these circumstances, a mistrial was necessary to protect defendant's right to effective assistance of

counsel, and we conclude that there was no reasonable alternative. Concur—Mazzarelli, J.P., Nardelli, Buckley, Acosta and DeGrasse, JJ.