THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL WILLIAMS, Appellant. [8 NYS3d 173]—

Judgments, Supreme Court, Bronx County (Patricia Anne Williams, J., at mistrial declaration; Robert Sackett, J., at retrial, pleas and sentencing), rendered November 14, 2012, as amended November 27, 2012, convicting defendant, after a jury trial, of two counts of attempted robbery in the second degree, and also convicting him, upon his pleas of guilty, of attempted robbery in the third degree and assault in the third degree, and sentencing him, as a second violent felony offender, to an aggregate term of 7½ years, unanimously affirmed.

The first trial court properly exercised its discretion in granting defense counsel's motion to be relieved, and defendant was not denied his right to be represented by counsel of his own choosing (*see generally People v Arroyave*, 49 NY2d 264, 270 [1980]). Defense counsel admitted he could not effectively represent defendant, the record demonstrates that counsel's concerns were genuine, and the court granted counsel's motion only after attempting to accommodate defendant's request to keep his retained counsel along with standby counsel to assist him, which ultimately proved impracticable. The court then properly concluded that a mistrial was necessary to protect defendant's right to effective assistance of counsel and there was no reasonable alternative. Thus, defendant's retrial was not barred by double jeopardy (*see People v Parker*, 61 AD3d 439 [1st Dept 2009], *lv denied* 13 NY3d 748 [2009]). The record does not support defendant's assertions that the court created

the need for a mistrial or declared a mistrial because it believed that counsel had violated a ruling.

Defendant's remaining arguments involve events at his ultimate retrial. In each of the following instances, the court appropriately exercised its discretion, and there is no basis for reversal.

The court properly denied defendant's motion to discharge a deliberating juror (and to concomitantly declare a mistrial), based on the juror's claimed financial hardship (*see People v Hines*, 191 AD2d 274, 276 [1st Dept 1993], *lv denied* 81 NY2d 1074 [1993]). After sufficient inquiry, the court ascertained that the juror's concern was limited to the daily cost of transportation fare to the courthouse, and that the juror was qualified to continue deliberating.

The court properly granted the People's challenge to a prospective juror who did not convey an unequivocal assurance that she would be able to render an impartial verdict (*see People v Johnson*, 94 NY2d 600, 614 [2000]). When a court disqualifies a venireperson, "the worst the court will have done in most cases is to have replaced one impartial juror with another impartial juror" (*People v Culhane*, 33 NY2d 90, 108 n 3 [1973]).

The court's responses to two jury notes conveyed the proper legal standard for attempted second-degree robbery and adequately explained the meaning of being aided by another person actually present (*see generally People v Almodovar*, 62 NY2d 126, 131-132 [1984]). The court was not obligated to add the additional language requested by defendant. Concur—Tom, J.P., Sweeny, Manzanet-Daniels, Clark and Kapnick, JJ.