People v Alexander (2019 NY Slip Op 07715)





People v Alexander


2019 NY Slip Op 07715


Decided on October 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 29, 2019

Richter, J.P., Gische, Tom, Gesmer, Moulton, JJ.


10200 3007/08

[*1] The People of the State of New York, Respondent,
v
Devin Alexander, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Joseph M. Nursey of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Shera Knight of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Miriam R. Best, J.), rendered October 20, 2014, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of 20 years, unanimously reversed, on the law, and the matter remanded for a new trial.
On the second day of jury deliberations, a Friday, the jury sent the court its sixth note, stating that "Jurors 4, 7 and 10 cannot continue further with this case." The court spoke with each of these three jurors individually and ascertained from all three, in essence, that they were concerned because they were not being paid by their employers for the days that they spent serving on the jury.
Notwithstanding numerous specific requests by defense counsel, the court declined to specifically ask the jurors whether their financial concerns would have any impact on their ability to deliberate fairly. The court determined that further inquiry would be improper because it had spoken to the three jurors and "none of these jurors has yet told us that they would be unable to continue deliberating fairly." The court dismissed the jury for the weekend. On the following Monday, the jury found defendant guilty.
A court is required to discharge a juror when, after a "probing and tactful inquiry" (People v Buford, 69 NY2d 290, 299 [1987]), "it becomes obvious" that the juror "possesses a state of mind which would prevent the rendering of an impartial verdict" (id. at 298). Here, the court's inquiry was insufficient. Although the court ascertained that the concern of all three jurors was that they would not be paid by their employers during further days of jury service, the court still needed to inquire regarding the connection between that concern and the jury note's statement that the jurors could not "continue with this case."
The court should have granted the defense request for inquiries into whether the financial pressure the jurors were experiencing had any bearing on their ability to deliberate fairly. In People v Hines (191 AD2d 274 [1st Dept 1993], lv denied 81 NY2d 1074 [1993]), this Court held that although "financial hardship is generally not a sufficient reason to warrant discharge when the trial is near completion," the trial court "should have ascertained whether the juror's financial difficulties would have affected his ability to deliberate impartially" (id. at 276). Similarly, in People v Cook (52 AD3d 255, 256 [1st Dept 2008], lv denied 11 NY3d 735 [2008]), we observed that "a juror's personal or financial inconvenience alone would be insufficient to establish the requisite manifest necessity" for a mistrial, but we went on to state that the fact that "the juror was unable to declare her continued ability to deliberate fairly" weighed in favor of a mistrial.
Here, the jury's note raised the possibility that one or more of the jurors referred to was unqualified, and the fact that they did not specifically volunteer, in their colloquies with the court, that financial pressures might compromise their impartiality did not obviate the necessity of an inquiry. Because the court did not make any such inquiry, or give a contemporary curative instruction relating to the jurors' financial concerns, it is impossible, in the circumstances [*2]presented, to determine whether any of the jurors had become grossly unqualified for further service (see People v Ordenana, 20 AD3d 39, 42 [1st Dept 2005], lv denied 5 NY3d 831 [2005]).
Because we are ordering a new trial, we find it unnecessary to reach any other issues.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 29, 2019
CLERK