People v Lantigua (2021 NY Slip Op 05671)





People v Lantigua


2021 NY Slip Op 05671


Decided on October 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 19, 2021

Before: Gische, J.P., Webber, Mazzarelli, Moulton, Pitt, JJ. 


Ind. No. 2118/10 Appeal No. 14402-14403 Case No. 2016-815, 2018-630 

[*1]The People of the State of New York, Respondent,
v
Anderson Lantigua, Defendant-Appellant.
The People of the State of New York, Respondent,
v
Carlos Alvarez, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Victorien Wu of counsel), for Anderson Lantigua, appellant.
Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for Carlos Alvarez, appellant.
Darcel D. Clark, District Attorney, Bronx (Diana Lewis of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Efrain Alvarado, J.), rendered January 24, 2014, convicting defendant Anderson Lantigua, after a jury trial, of robbery in the second degree, and sentencing him to a term of 3½ years, unanimously reversed, on the law, and the indictment dismissed.
Judgment, same court and Justice, rendered July 6, 2015, as amended July 23, 2015, convicting defendant Carlos Alvarez, after a jury trial, of robbery in the first degree and sentencing him, as a second felony offender, to a term of 12 years, unanimously reversed, on the law, and the indictment dismissed.
Double jeopardy bars a retrial except as to a defendant who has requested or consented to the mistrial (Matter of Davis v Brown , 87 NY2d 626, 630 [1996]). Here, the record does not show that either defendant consented to a mistrial without prejudice. Defendants initially made general motions for a mistrial, but on the next day they expressly limited their motions to requests for a mistrial with prejudice. Accordingly, when the court announced its ruling shortly afterwards, it should have obtained defendants' unequivocal consent before discharging the first jury or else have continued the trial with the same jury (Davis at 631; Matter of Romero v Justices of Supreme Ct., Queens County , 237 AD2d 292, 293 [2d Dept 1997], lv denied 89 NY2d 817 [1997]). The retrial thus violated the constitutional prohibitions against double jeopardy, and these prohibitions require reversal of defendants' convictions and dismissal of the indictment (Davis at 630-32). Defendants' double jeopardy claim does not require preservation, although it may be expressly waived (People v Michael , 48 NY2d 1, 7 [1979]). However, there was no such waiver here.
In light of our ruling, we need not reach defendants' remaining contentions.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2021